George L. WEAVER, Appellee,

v.

Harold W. CLARKE, Director, Correctional Services, Lincoln Correctional Center; John J. Dahm, Warden, Chief Executive Officer, Lincoln Correctional Center; Douglas L. Reeves; David Skow; Robby G. Predmore; William Looye, Appellants,

Roger O. Doerr, Defendant,

Stephen W. Shutzer; Donald Earl Atkinson; Harold F. Thies, Jr., Appellants.

No. 94–2155.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Jan. 30, 1995.

Marie Weeks, Lincoln, NE, argued, for appellants.

Bernard J. Monbouquette, Omaha, NE, argued (Bryan S. Hatch, on brief), for appellee.

* The Honorable Daniel M. Friedman, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

Before BEAM, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

An inmate filed a section 1983 claim alleging that prison officials had unconstitutionally exposed him to environmental tobacco smoke. The prison officials moved to dismiss the claim based on qualified immunity. The district court, relying on *Helling v. McKinney*, — U.S. —, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), found that the inmate had pleaded the violation of a clearly-established right and denied the motion. The prison officials immediately appealed contending that the allegedly wrongful acts occurred before the *Helling* decision and therefore did not violate a clearly-established right. Because the inmate has stated a claim of present, actual injury caused by exposure to environmental tobacco smoke, we affirm.

## I. BACKGROUND

Weaver is an inmate at the Lincoln Correctional Center in Lincoln, Nebraska. In October 1993, he filed this claim under 42 U.S.C. § 1983, alleging the following facts.

Weaver was "roomed up" with a heavy smoker. On November 6, 1992, Weaver informed a prison official that he suffers various medical problems—severe headaches, dizziness, nausea, vomiting, and breathing difficulties—when roomed with a smoking inmate. The official told Weaver to file a grievance. Weaver did so, and the warden responded by ordering that Weaver's room be designated a "non-smoking" room.

Although the room was designated non-smoking, Weaver's roommate continued to smoke; a "shakedown" revealed that the "smoking conditions were still the same." Although Weaver personally showed the warden's orders to the prison officials, the officials made no attempts to enforce the orders. Weaver filed a second grievance, and the Director of Correctional Services responded by reiterating that Weaver's room was non-smoking and by indicating that if Weaver

continued to experience problems, Weaver should contact unit management staff for an investigation or a room change.

Weaver contacted unit management staff and informed them that his roommate was still smoking. Weaver asked that either he or his roommate be moved to another room, but no move was forthcoming. Weaver showed the Director's response to numerous prison officials and told them that his roommate was still smoking. In response, one official allegedly stated that he could not "babysit" Weaver's roommate "twenty-four hours a day." Another official allegedly stated, "I don't care what happens here, I am getting ready to quit anyway."

Finally, Weaver asked to see the prison doctor. On February 2, 1993, the doctor examined Weaver and ordered that Weaver be switched to a room with a non-smoking roommate immediately. The prison officials complied with the doctor's orders.

Approximately eight months later, Weaver filed his section 1983 claim. The prison officials,[1] filed a motion to dismiss under Rule 12(b)(6). In their motion, the officials allege that Weaver failed to state a claim and that they are entitled to qualified immunity. The district court denied the motion, and the defendants appealed on the issue of qualified immunity.

## II. DISCUSSION

■ The denial of a defendant's motion to dismiss on the grounds of qualified immunity, although interlocutory in nature, is a final appealable order within the meaning of 28 U.S.C. § 1291. *Taylor v. Carter,* 960 F.2d 763, 764 (8th Cir.1992). *See Mitchell v. Forsyth,* 472 U.S. 511, 527, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985).

■ We review a 12(b)(6) motion de novo and view the complaint in a light most favorable to the non-moving party. *Frey v. City of Herculaneum,* 37 F.3d 1290, 1293 (8th Cir.1994). Because qualified immunity is an affirmative defense, *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980), it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint. *See Burlison v. United States,* 627 F.2d 119, 122 (8th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1740, 68 L.Ed.2d 225 (1981).

Qualified immunity requires a two-step analysis. *Munz v. Michael,* 28 F.3d 795, 799 (8th Cir.1994). *See Siegert v. Gilley,* 500 U.S. 226, 231–32, 111 S.Ct. 1789, 1792–93, 114 L.Ed.2d 277 (1991). First, we must determine whether the plaintiff has alleged the violation of a constitutional right. *Munz,* 28 F.3d at 799. Second, we must determine whether that right was "clearly established" at the time of the alleged violation. *Id.*

■ The constitutional right implicated by Weaver's complaint is grounded in the Eighth Amendment. The Eighth Amendment places a duty on prison officials to provide humane conditions of confinement. *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). One condition of confinement is the medical attention given to a prisoner. *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). In this context, a prison official violates the Eighth Amendment by being deliberately indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of serious *future* harm. *Compare Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (existing medical needs) *with Helling,* —— U.S. at ——, 113 S.Ct. at 2481 (risk of future harm to health).[2]

The district court analyzed Weaver's claim under *Helling.* In *Helling,* the Supreme Court held that a prisoner states a claim under the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed the prisoner to levels of environmental tobacco smoke which pose an

---

1. One prison official, Roger O. Doerr, did not join in the motion and, consequently, is not a party to this appeal.

2. Both *Estelle* and *Helling* require the prisoner to establish an adverse condition. Under *Estelle,* the condition is an existing serious medical problem. Under *Helling,* the condition is a substantial risk of future harm. In short, a prisoner is not entitled to a nonsmoking room simply because he wants one.

unreasonable risk of serious damage to the prisoner's *future* health. The district court found that Weaver, like the prisoner in *Helling,* had alleged that the prison officials were deliberately indifferent to the *future* health risks posed by his continued exposure to environmental tobacco smoke.

We read the complaint differently and find that *Helling* is not on point. Weaver does not allege that prison officials showed deliberate indifference to his *future* health; rather, Weaver alleges deliberate indifference to his *existing* ill health. As portrayed in Weaver's complaint, environmental tobacco smoke is the catalyst for Weaver's existing health problems.[3] *Helling,* in contrast, did not involve deliberate indifference to existing medical needs.[4]

The prison officials argue that the complaint fails to sufficiently allege deliberate indifference. We disagree. Viewed in a light most favorable to Weaver, the complaint portrays the prison officials as consistently unwilling to enforce the smoking ban in Weaver's room and repeatedly unresponsive to any of Weaver's requests and protests. We conclude that Weaver has alleged deliberate indifference to his existing serious medical needs and thus has alleged the violation of a constitutional right.

The parties' briefs focus on the second step of our qualified immunity analysis— whether the right allegedly violated was "clearly established." To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Put another way, the specific acts alleged need not have been previously held unlawful, but the unlawfulness of the acts must have been apparent in light of pre-existing law. *Id.*

The district court found that the right claimed by Weaver was clearly established because it had been recognized by the Supreme Court in *Helling* prior to the time Weaver filed his complaint. As previously discussed, we do not believe this is a *Helling* case; whatever rights *Helling* might have clearly established are inapplicable here. Even if this were a *Helling* case, a right must be clearly established, not at the time the complaint is filed, but at the time the alleged violations occurred. The alleged violations in Weaver's case occurred four to seven months before the Supreme Court decided *Helling.* Therefore, *Helling* did not clearly establish the illegality of the prison officials' acts toward Weaver.

Nevertheless, we conclude that the district court reached the correct result. As discussed above, Weaver's claim is one of deliberate indifference to his existing serious medical needs. Such claims were first recognized by the Supreme Court almost two decades ago. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir. 1993). Weaver has alleged the violation of a clearly-established constitutional right.

## III. CONCLUSION

Because Weaver has alleged the violation of a clearly-established constitutional right, the defendant prison officials are not entitled to dismissal on the basis of qualified immunity. Therefore, the judgment of the district court denying defendants' motion to dismiss is affirmed.

---

3. We emphasize that because we are reviewing a 12(b)(6) motion, we accept the factual allegations in the complaint as true.

4. The prisoner in *Helling* was permitted to go to trial on the issue of whether the prison officials were deliberately indifferent to the prisoner's existing serious medical symptoms. *McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.1991). The magistrate directed a verdict for the prison officials on this issue. *Id.* The prisoner appealed the granting of this directed verdict, but the Ninth Circuit affirmed, finding that the prisoner had been examined by a doctor who had found no "serious existing ailments requiring treatment." *Id.* Because this ruling is favorable to the prison officials, the parties petitioning for certiorari, we assume that this holding was not challenged before the Supreme Court.