**Raymond W. ASWEGAN,
Plaintiff–Appellee,**

v.

**John HENRY, Deputy Warden; John Emmett; Arthur Anderson; Sgt. Gutman; Robert Washington; and Roger Lawson, Defendants–Appellants.**

No. 94–1824.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1994.

Decided March 10, 1995.

Suzie Ann Berregaard Thomas, Asst. Atty. Gen., Des Moines, IA, argued, for appellants.

Jeffrey M. Lipman, Des Moines, IA, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

The defendants appeal the magistrate judge's order [1] granting an injunction in favor of Raymond Aswegan on his complaint under 42 U.S.C. § 1983 that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The magistrate judge found that the defendants violated Aswegan's Eighth Amendment rights by routinely placing him in a small shower stall during cell "shakedowns" after Aswegan had informed them that the small shower stalls aggravated his asthma and made it difficult for him to breath. The defendants argue that Aswegan failed to prove an Eighth Amendment violation. We agree and reverse.

## I.

Aswegan is a 72–year–old inmate serving a life sentence at the Iowa State Penitentiary in Fort Madison, Iowa. He has a number of ongoing medical problems for which he receives treatment, including asthma, emphysema, angina, and a hiatal hernia.

On or about October 26–27, 1989, defendants Anderson and Gutman executed a cell and body search of Aswegan as part of a routine "cell shakedown." Anderson and

---

1. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

Gutman began executing the normal "shake-down" procedure by removing Aswegan from his cell in cellhouse 419 and taking him to be placed in a small shower stall until the shake-down was completed. Aswegan complained in strong terms telling Anderson and Gutman that placing him in the small shower stall aggravated his health problems. Anderson checked with the prison's health care staff to determine if there was any medical reason that Aswegan could not be placed in the shower. The health care staff informed him that there existed no medical reason Aswegan could not temporarily be placed into the shower. Anderson placed Aswegan into the shower stall until the cell shakedown was completed.

Four days later, on October 31, 1989, Aswegan met with Deputy Warden John Henry, Unit Manager Robert Washington, Unit Manager Roger Lawson, and Security Director John Emmett, and expressed his concerns about being placed in small shower stalls during shakedowns. Lawson, the Unit Manager for cellhouse 419, agreed to check with the medical staff about Aswegan's complaints. Lawson consulted with a staff doctor who told Lawson there was no medical reason that Aswegan could not be placed in shower stalls because they had an open front and the water would not be running when Aswegan was confined there. The doctor told Lawson that Aswegan could stand at the front of the opening of the shower and should not have any trouble breathing. Lawson nevertheless decided that because cellhouse 419 was not normally full, he would issue an order to the staff in cellhouse 419 directing them not to place Aswegan in the small shower stalls during shakedowns if there were any empty cells available to hold Aswegan during the shakedowns. Lawson's determination was based in part on a lack of desire to litigate the issue with Aswegan. Lawson issued the directive November 1, 1989.

Aswegan has not been placed in a shower stall in cellhouse 419 since Lawson issued the directive, which has been reissued for cellhouse 419 personnel several times. Aswegan, however, no longer lives in cellhouse 419. In mid–1991, Aswegan moved to cell-house 207. In October 1992, Aswegan moved to cellhouse 318 on the honor lifer range. While in cellhouse 318, he has been placed in a shower stall during cell shakedowns.

On November 24, 1989, Aswegan filed an unsigned pro se complaint under 42 U.S.C. § 1983, alleging that the defendants had violated the Eighth Amendment's prohibition of cruel and unusual punishment by acting with deliberate indifference to his medical need not to be confined in small shower stalls by their actions on October 27, 1989. The complaint, liberally construed, sought the injunctive relief of extending the November 1, 1989, directive for cellhouse 419 to wherever he was housed. Counsel was appointed for Aswegan, and the case was tried before a magistrate judge in February 1994. The magistrate judge subsequently issued a written order treating Aswegan's claim as a conditions of confinement case and finding that the defendants had violated Aswegan's Eighth Amendment rights by confining him in small shower stalls during cell shakedowns after the November 1, 1989, directive had been entered. The magistrate judge entered the relief Aswegan requested by enjoining the prison from placing him in shower stalls when an empty cell is available to house him when his cell is being searched. The defendants appeal.

## II.

The defendants first argue that the magistrate judge decided this case on a claim that Aswegan neither pleaded nor argued. The defendants contend that Aswegan raised an Eighth Amendment claim of deliberate indifference to a serious medical need, but the court decided this case as a claim challenging the general conditions of his confinement. While we do not agree with the defendants to the extent that they are arguing that "deliberate indifference to a serious medical need" and "conditions of confinement" are totally separate and distinct legal theories, we do agree with the defendants that the magistrate judge applied the wrong legal standard in deciding this case.

The Eighth Amendment requires prison officials to provide humane conditions of confinement, and "[o]ne condition of con-

finement is the medical attention given to a prisoner." *Weaver v. Clarke*, 45 F.3d 1253 (8th Cir.1995) (citing *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326–27, 115 L.Ed.2d 271 (1991)). A claim asserting deliberate indifference to a prisoner's serious medical need is thus best characterized as falling within a specific subcategory of conditions of confinement claims, not as a separate and distinct legal theory. "Deliberate indifference" is part of the legal standard used to assess the claim as made. The type of proof necessary to prove a particular type of conditions of confinement claim depends on the harm that the inmate alleges. *See Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) ("What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends on the claim at issue"). When the condition of confinement at issue relates to a prisoner's medical condition, "a prison official violates the Eighth Amendment by being deliberately indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of serious *future* harm." *Weaver*, at 1255. Thus, when an inmate, like Aswegan, alleges deliberate indifference to current existing health problems, instead of his future health, the inmate must prove deliberate indifference to a serious medical need. *See id.* When the inmate asserts that there will be harm to his future health or well-being, the inmate must satisfy the more general conditions of confinement test. *See id.*

The magistrate judge erred in this case by applying only the general conditions of confinement analysis. The magistrate judge specifically declined to decide whether Aswegan satisfied the more specific requirement of proving deliberate indifference to his serious medical needs. Given our conclusion that the magistrate judge erred by applying the wrong legal standard, our normal practice would be to remand the case to the magistrate judge to apply the correct legal standard to the facts. However, we need not remand here because we find that there is insufficient evidence as a matter of law to support Aswegan's Eighth Amendment claim that the defendants were deliberately indifferent to his serious medical needs.

When reviewing a sufficiency-of-the-evidence claim on a post-trial motion for judgment as a matter of law, we resolve all factual disputes and draw all inferences in favor of the prevailing party. *See Whitnack v. Douglas County*, 16 F.3d 954, 956 (8th Cir.1994). As a general matter, a prison official commits an Eighth Amendment violation only when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" and (2) "a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." *Beyerbach v. Sears*, 49 F.3d 1324, 1325–26 (8th Cir.1995) (quoting *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d 271 (1991))). Here, Aswegan has failed to establish the objective component of an Eighth Amendment violation.

To constitute an objectively serious medical need or a deprivation of that need, we have repeatedly emphasized that the need or the deprivation alleged must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis. *See, e.g., Beyerbach*, at 1326–27 (insufficient evidence of objective seriousness when no medical evidence that the delay in treatment produced any harm); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir.1994) (insufficient evidence of serious medical need when the medical need claimed is based on bare assertion of inmate); *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir.1991) (serious medical need only if "diagnosed by physician as requiring treatment, or ... so obvious that even a layperson would easily recognize the necessity for a doctor's attention"). Aswegan has failed to produce any medical evidence or a physician's diagnosis to support his claim that he has been (or for that matter will be) deprived of a serious medical need when prison officials treat him like other prisoners during cell shakedowns and detain him temporarily in a shower stall. He has presented only his bare assertions of his medical need to avoid the small shower stalls, and those bare assertions are insufficient to support his claim.

*See Kayser,* 16 F.3d at 281. He did testify that two doctors had told him that his medical condition was such that he should not be confined in small shower stalls. Those contentions are completely unsupported by the documentary medical evidence from those physicians. Their written diagnosis and prescribed treatment, entered into evidence as plaintiff's exhibit 3, makes no mention of a need to avoid any type of confinement, let alone any need to avoid temporary confinement in shower stalls. (App. at 41.) The undisputed evidence also demonstrates that the prison medical officials reviewed Aswegan's file and found no medical reason that he should be kept out of the shower stalls. As the defendants have maintained throughout this case, the medical evidence simply does not support the plaintiff's claim of a deprivation of serious medical needs.

█ Aswegan also has argued that given the large number of his ailments, it would have been objectively obvious to a layperson that he had a serious medical need to be kept out of the small shower stalls during cell shakedowns. We disagree. Even assuming the defendants knew of his medical ailments, the evidence amply demonstrates that there was no objective reason to believe that confinement in the shower stalls would exacerbate his breathing ailments. The stalls had open fronts and the water was not running during the time he was confined there. Moreover, upon consultation with the prison medical officials, the defendants were informed that Aswegan had no medical need to avoid that type of confinement. If trained health care officials could not find a serious medical need in these circumstances, then we decline to hold that a reasonable layperson should have done so. Thus, we conclude that Aswegan has failed, as a matter of law, to point to any evidence that his medical need was objectively serious enough to establish an Eighth Amendment claim.

█ An examination of the standards for establishing a more general conditions of confinement claim further illustrates the magistrate judge's error in applying those standards to this case. To establish the objective component of a more general conditions of confinement claim, the inmate must show that the prison officials' actions objectively "result in the denial of 'the minimal civilized measure of life's necessities,'" *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)), or pose "a substantial risk of serious future harm." *Id.*

█ The magistrate judge held that confining Aswegan in the shower stall deprived him of one of life's necessities—breathing. The magistrate judge erred in reaching this conclusion, however, because the magistrate judge failed to look at the conditions "objectively" as the test demands. Objectively, placing an inmate in a shower stall for 30 minutes that has an open front, when the water is not running, does not deprive the inmate of breathing or any other identifiable human need. The only way that the magistrate judge could have concluded that placing Aswegan in a shower stall would deprive him of his breathing is by accepting Aswegan's own assertions concerning his medical conditions. However, as noted above, when the inmate alleges a serious medical need either for treatment or to avoid certain conditions, the cases do not allow courts to accept an inmate's bare assertion of his or her serious medical condition without medical evidence verifying that the condition exists. The magistrate judge thus erred in applying the test for a general conditions of confinement claim.

### III.

We conclude that Aswegan has failed to establish an Eighth Amendment violation. Accordingly, we reverse the judgment of the district court.