68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Johnny ST. CIN, Appellant,
v.
James D. PURKETT; Dan Henrey; Tom Villmer; Steven
Perkins; Steve Long; Bonnie Henson; Christian
Kolom; Clyde M. Frazier; Bill McHail;
Gordy Lewis, Appellees.
 No. 95-1070EM.
 United States Court of Appeals, Eighth Circuit.
 Oct. 16, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Johnny St. Cin, an inmate at the Farmington Correctional Center in Missouri, brought this 42 U.S.C. Sec. 1983 lawsuit against various prison officials and personnel. St. Cin broadly alleged the prison officials and personnel violated the Eighth Amendment and the Due Process Clause because they knew of his medical prescription for a first floor cell but failed to comply with it. The district court dismissed St. Cin's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. St. Cin appeals. We affirm in part and reverse in part.
 
 
 2
 We review de novo a district court's dismissal of a claim under Rule 12(b)(6). Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir.1995). Dismissal of a complaint under Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing the dismissal, we must take St. Cin's well-pleaded allegations as true and construe all reasonable inferences in his favor. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36-37 (8th Cir.1995). We consider whether St. Cin is entitled to present evidence to support his claims, not whether he will ultimately prevail. Id. at 37; see also Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit, 113 S.Ct. 1160, 1163 (1993) (holding federal courts and litigants must rely on summary judgment and control of discovery to dispose of unmeritorious claims).
 
 
 3
 In our view, St. Cin's complaint states a claim against two of the prison officials that, by failing to carry out his prescribed medical restriction, they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement. Weaver, 45 F.3d at 1255. Medical attention given to a prisoner is a condition of confinement. Id. A prison official can violate the Eighth Amendment by being deliberately indifferent to a prisoner's existing serious medical need. Id. Deliberate indifference is shown by an official's knowledge and disregard of an excessive risk to inmate health. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 4
 In his complaint, St. Cin alleged Sergeant Clyde Frazier and Lieutenant Gordy Lewis, two officials in Housing Unit 5, knew of his medical prescription for "lower walk and lower bunk due to leg problems," but nevertheless failed to have him moved from the second to the first floor. St. Cin alleged that when he asked Frazier for a transfer to a first floor cell in accordance with his medical restriction, Frazier told him not to worry because St. Cin would not be going up and down the stairs much. Following this conversation, while St. Cin was being taken from his second floor cell to the shower with his hands cuffed behind his back, one of his legs gave out and he fell from the top to the bottom of the stairs, causing him injuries. St. Cin alleged he later sought Lewis's assistance in obtaining a first floor cell, and Lewis said he did not care how many medical restrictions St. Cin had, or whether St. Cin was on the top floor or not.
 
 
 5
 Given these specific allegations against Frazier and Lewis, we cannot say at this stage that St. Cin can prove no set of facts entitling him to relief against them. If St. Cin can indeed prove Frazier and Lewis knew of his medical restriction and could have taken action to assign him to a first floor cell but refused to do so, St. Cin may be able to establish their deliberate indifference to a prescribed course of medical care. See Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). Because St. Cin made no specific allegations about the remaining defendants' conduct, however, St. Cin failed to state a claim against them and they were properly dismissed. St. Cin also failed to state a due process claim, or an Eighth Amendment claim based on medical care he received after his fall.
 
 
 6
 We reverse the district court's dismissal of St. Cin's conditions-of-confinement claim against Lewis and Frazier, but affirm the dismissal in all other respects.
 
 
 7
 LOKEN, Circuit Judge, dissenting in part.
 
 
 8
 I respectfully dissent from the partial reversal. The court properly affirms the dismissal of most of St. Cin's claims. But it concludes that his complaint adequately states a conditions-of-confinement claim against Sergeant Clyde Frazier and Lieutenant Gordy Lewis for a fall St. Cin suffered while in Housing Unit 5 of the Farmington Correctional Center. That fall is described in the complaint as follows:
 
 
 9
 On 6-8-93 the plaintiff was still being housed on the top walk and was handcuffed behind his back to be taken to a shower. And on the way down the steps one of the plaintiff's legs gave out from under him and fell from the very top of the tier to the bottom....
 
 
 10
 The allegations of St. Cin's lengthy complaint, and the prison medical and disciplinary records attached to that complaint, reveal the following additional facts concerning this claim:
 
 
 11
 1. The "Medical Lay-in Restriction" dated February 3, 1993, stated: "Requires lower walk and lower bunk due to leg problem. Unable to stand more than 15 minutes due to leg problem. No recreation involving standing more than 15 minutes." There is no allegation that Frazier and Lewis were ever told what this "leg problem" was.
 
 
 12
 2. For two to three months after February 3, St. Cin alleges that he was placed on the second floor of Housing Unit 2, contrary to the medical lay-in and over his repeated objection, but without injury.
 
 
 13
 3. On June 6, 1993, two days before the fall, St. Cin was transferred to Housing Unit 5--a Temporary Administrative Segregation Confinement unit--after he threatened another inmate and that inmate's female visitors. The complaint alleges that Sgt. Frazier "was informed of medical orders only to be informed to not worry [because] the plaintiff wouldn't be going up and down the stairs much." St. Cin further alleges that Lt. Lewis and others "were all informed of this matter" but does not allege when. Lt. Lewis's alleged remark that he did not care about St. Cin's medical restrictions came in October 1993, long after the June fall.
 
 
 14
 Based upon these undisputed facts and allegations, I conclude the district court properly dismissed St. Cin's claims against Sgt. Frazier and Lt. Lewis. The Eighth Amendment prohibits "obduracy and wantonness, not inadvertence or error in good faith." Wilson v. Seiter, 501 U.S. 294, 299, (1991). A prisoner challenging his conditions of confinement must allege facts evidencing prison officials' subjective recklessness. As the Supreme Court stated in Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994):
 
 
 15
 [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment.
 
 
 16
 Although a pro se complaint is to be liberally construed, it must set forth specific facts supporting a legally cognizable claim. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). Here, St. Cin's complaint is sufficiently specific, but he has not set forth facts evidencing the requisite subjective recklessness. When St. Cin arrived at Housing Unit 5, he had spent three months on the second floor of Housing Unit 2 without injury. There is no allegation or showing that Frazier and Lewis knew enough about St. Cin's condition, either by the terms of the medical lay-in or otherwise, to afford them knowledge that again assigning St. Cin to a second floor cell would create a serious risk of injury. Nor does St. Cin allege that his fall two days after this assignment was caused by his medical condition, the risk that Frazier and Lewis allegedly created by assigning him to a second floor cell. In these circumstances, the complaint sounds only in negligence. It lacks fact allegations that would support an inference of the requisite subjective recklessness. Therefore, I would affirm.