72 F.3d 133
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frankie Levi COLE, Appellant,
v.
Mel ROUF; Jane Doe, Nurse; D. Wagner; Lynn Wright; Brad
Hansen, Appellees.
 No. 95-1619.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 27, 1995.
Filed Dec. 7, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this 42 U.S.C. Sec. 1983 action against numerous prison officials, Nebraska inmate Frankie Levi Cole appeals the district court's[1] orders dismissing various claims, granting summary judgment against him as to others, and entering judgment in favor of defendants after an evidentiary hearing on his remaining claim. We affirm.
 
 
 2
 The district court properly dismissed a number of Cole's claims. First, Cole's contention that he has a right to be in a less secure institution is meritless. See Meachum v. Fano, 427 U.S. 215, 225 (1976). Second, there is also no merit to Cole's due process claim concerning his placement in segregation pending an investigation into misconduct charges, as he received a hearing within a reasonable time, seven days later. See Hewitt v. Helms, 459 U.S. 460, 476 & n. 8 (1983). Third, prison officials did not violate Cole's rights by subjecting him to a visual body cavity search prior to placing him in segregation. See Franklin v. Lockhart, 883 F.2d 654, 656-57 (8th Cir.1989) (legitimate security concerns justify such searches). Fourth, the presence of a certain prison official on the committee that heard subsequent disciplinary charges against Cole did not deprive him of due process, as this official did not initiate the charges. Cf. Diercks v. Durham, 959 F.2d 710, 713 (8th Cir.1992) (charging officer should not sit in judgment on his own complaint in disciplinary proceedings). Fifth, the occasional soreness and stiffness Cole alleged he experienced in his back did not constitute a serious medical need to which prison officials were deliberately indifferent. See Sheldon v. Pezley, 49 F.3d 1312, 1316 (8th Cir.1995) (defining serious medical need). Cole's motion to supplement the record with additional facts concerning this claim is denied.
 
 
 3
 The district court's grant of summary judgment against Cole on certain claims was also appropriate. As to Cole's claim he was exposed to the second-hand smoke of his cellmate, institutional records indicate that Cole recognized his right to demand his cellmate not be allowed to smoke in their cell, but that he chose not to do so. Cf. Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir.1995) (finding deliberate indifference where prison officials were repeatedly unresponsive to inmate's requests to enforce smoking ban in his cell). As to Cole's due process claim concerning one of his disciplinary hearings, prison officials did not violate his rights by refusing to let him confer with an inmate representative, or by denying his requests to call witnesses who had already submitted a written statement or who had no first-hand knowledge of the incident at issue. See Wolff v. McDonnell, 418 U.S. 539, 566, 570 (1974) (inmates do not have right to counsel at disciplinary hearings); Turner v. Caspari, 38 F.3d 388, 391 (8th Cir.1994) (prison officials are accorded great discretion to refuse to call witnesses who are irrelevant or unnecessary).
 
 
 4
 Cole's remaining claim was that a defendant prison official filed a misconduct report against Cole in retaliation for Cole's stated intent to file a grievance against the official. After conducting an evidentiary hearing, the district court credited the official's testimony that he did not intend to retaliate against Cole; rather, he issued the misconduct report because he believed Cole had violated a direct order. This credibility finding is virtually unassailable, as there was no objective evidence of an intent to retaliate. See Wilson v. Lambert, 789 F.2d 656, 658 (8th Cir.1986) (standard of review). Thus Cole's retaliation claim fails. See Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir.1990) ("violation lies in the intent to impede access to the courts").
 
 
 5
 Finally, Cole is not entitled to any appellate relief based on his counsel's alleged deficiencies. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988) (in section 1983 cases there is no right to counsel).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the reports and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska