_____

No. 96-1125
_____

Harry John Casbohm,                    *
                                       *
         Appellant,                    *
                                       *
    v.                                 *
                                       *
John A. Thalacker, sued as             *   Appeal from the United States
John Thalacker Warden to Iowa          *   District Court for the
State Mens Reformatory; Jerome         *   Northern District of Iowa.
Manternach, sued as Gerald             *
Manternacht Treatment Director         *   [UNPUBLISHED]
ISMR; Gerald Connolly, sued as         *
Jerry Connolly Director Medical        *
Services ISMR; Curtis Mayo,            *
sued as Lt. Mayo LUD Supervisor        *
ISMR; Thomas Conley, Corr.             *
Counselor,                             *
                                       *
         Appellees.                    *
                            _____

            Submitted:  December 6, 1996

              Filed:  December 17, 1996
                            _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                            _____

PER CURIAM.


    Harry John Casbohm appeals the district court's[1] judgment for
defendants in his 42 U.S.C. § 1983 action.  We affirm.


    In June 1994, Casbohm, while an inmate at the Iowa State Men's

_____

    [1]The HONORABLE JOHN A. JARVEY, United States Magistrate Judge
for the Northern District of Iowa, to whom the case was referred
for final disposition by consent of the parties pursuant to 28
U.S.C. § 636(c).

Reformatory (ISMR) at Anamosa, filed this action against ISMR officials. He claimed they were deliberately indifferent to his asthma-related requests for a cell assignment with a non-smoking cellmate or a transfer to a facility with a restrictive smoking policy. Following a bench trial, the court concluded Casbohm's deliberate-indifference claim failed, based on the following findings of fact: Casbohm began discussing his asthma problem and placement requests with defendants in 1994; as a result of those contacts, it was ordered that Casbohm be celled with nonsmokers; there was no showing that his condition was such that he could have no exposure whatsoever to environmental tobacco smoke (ETS); Casbohm's asthma was treated consistently and appropriately; and there was no objective medical evidence showing that Casbohm needed a transfer out of the institution to accommodate his asthma condition.

To prove an Eighth Amendment violation, Casbohm had to show that defendants were deliberately indifferent to his serious medical needs--that defendants acted wantonly toward his needs. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990). Based on the evidence presented at trial, we conclude the district court did not clearly err in its findings of fact; and reviewing de novo, we conclude Casbohm did not prove defendants acted wantonly or with deliberate indifference. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) (standard of review). Casbohm does not dispute that he received adequate treatment for his asthma, or that prison officials celled him solely with nonsmokers once the medical staff so directed. Cf. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference may include intentional interference with treatment that has been prescribed); Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995) (concluding complaint alleged deliberate indifference where prison officials were repeatedly unresponsive to inmate's requests to enforce smoking ban in his cell). The medical evidence showed that Casbohm's asthma remained stable and was not

significantly exacerbated by secondhand smoke.  Thus, Casbohm failed to show that transfer to a smoke-free institution was medically necessary.  See <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam) (displeasure with medical judgment or disagreement with course of medical treatment is not actionable). Moreover, the evidence did not prove a claim of deliberate indifference to future health.  See <u>Helling v. McKinney</u>, 509 U.S. 25, 35-37 (1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.