**Peter CHRISTIAN, Plaintiff,**

v.

**David WAGNER, William Deatsch, and Sue Koshatka, Defendants.**

No. 4:03–CV–90435.

United States District Court,
S.D. Iowa,
Central Division.

April 29, 2009.

Tara Z. Hall, William P. Kelly, Amber K. Rutledge, Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, IA, for Plaintiff.

Andrew B. Chappell, J. Patrick White, Johnson County Attorneys Office, Iowa City, Jennifer S. Lampe, Iowa Attorney General, Des Moines, IA, for Defendant.

## ORDER

ROBERT W. PRATT, Chief Judge.

Trial in the above-captioned case commenced on March 9, 2009. The jury returned a verdict in favor of Defendants David Wagner, William Deatsch, and Sue Koshatka (collectively "Defendants"[1]) on March 12, 2009. Clerk's No. 171. Presently before the Court is Peter Christian's ("Plaintiff") Combined Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law. Clerk's No. 178. Defendants filed a response on April 15, 2009. Clerk's No. 179. Plaintiff filed a reply on April 27, 2009. Clerk's No. 181. The matter is fully submitted.

## I. BACKGROUND

Peter Christian filed the present action as a pro se plaintiff on August 7, 2003. Clerk's No. 1. He subsequently filed three amended complaints, the first on September 29, 2003, the second on June 3, 2004, and the third on August 14, 2008.[2] Clerk's Nos. 6, 17, 117. In each of these complaints, Plaintiff asserted that while he was a pre-trial detainee at the Johnson County Jail, from May 11, 2001 through August 9, 2001, the cleaning solvent HDQ Neutral was used to clean the cells, and he had an adverse reaction when the solvent was sprayed. *Id.* Plaintiff alleged that various Johnson County Jail staff and the former Johnson County Sheriff were deliberately indifferent to Plaintiff's serious medical need by depriving Plaintiff of necessary and adequate medical care and violated Plaintiff's constitutional rights.

In the weeks before trial, it became clear that the parties disagreed as to "whether a conditions of confinement claim should be presented to the jury separately from a 'serious medical need' claim." Proposed Stipulated Statement of the Case at 1. As the Pre-trial Conference Order noted, Plaintiff believed a combined conditions of confinement and "serious medical need" claim applied to his case. Pre-trial Order at 13 (listing legal issue number 3 as "[whether] the Defendants violated the 8th and 14th Amendments by committing deliberate indifference to a serious medical need and by confining the Plaintiff and subjecting him to conditions with deliberate indifference to his health and safety"). Plaintiff suggested the following factual questions would be presented to the jury in regard to the conditions of confinement theory:

---

1. Plaintiff's Third Amended Complaint named Majorie Goodyear, David Bradley, Doug Gwinn, Rory Smith, Brian Adolph, James Waldschmidt, Robert Carpenter, David Wagner, William Deatsch, and Sue Koshatka as Defendants. Clerk's No. 117. Majorie Goodyear was dismissed by stipulation with prejudice on October 31, 2008. Clerk's No. 127. David Bradley, Doug Gwinn, Rory Smith, Brian Adolph, and James Waldschmidt were voluntary dismissed on March 2, 2009. Clerk's No. 157. The Court dismissed Defendant Robert Carpenter on Defendants' Rule 50(b) motion for lack of evidence, which Plaintiff did not resist. Day Four Trial Tr. at 2.

2. Plaintiff's first amended complaint, which Plaintiff also filed as a pro se litigant, contained a request for counsel. The second and third amended complaints were subsequently filed by counsel representing Plaintiff in a pro bono capacity. Iowa Rule of Professional Conduct 6.1 recognizes the significant value of voluntary pro bono legal services. The Court was impressed by the diligence shown by Plaintiff's counsel in their representation of the Plaintiff and thanks them for the important service they provided with the support of their law firm.

- Whether the Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by holding him in hazardous and unsafe conditions of confinement.

- Whether the conditions of the Plaintiff's confinement violate evolving standards of decency.

- Whether the conditions of the Plaintiff's confinement and his continued exposure to HDQ Neutral constituted an excessive risk to the Plaintiff's health and safety.

*Id.* at 12.

Trial in the case was held from March 9, 2009 to March 12, 2009. Clerk's Nos. 163, 165, 166, 169. In conference with the parties, before commencing the trial on March 9, 2009, the Court addressed Plaintiff's legal contention that a conditions of confinement claim should be presented to the jury separately from the deliberate indifference to a serious medical need claim. Pre–Trial Tr. at 3.[3] The Court noted that the evidence and the pleadings both indicated that the condition of confinement challenged by the Plaintiff was, in fact, deliberate indifference to a serious medical need. *Id.* The Court also expressed its concern that presenting the Jury with a conditions of confinement claim independently of a serious medical need claim would lead to jury confusion. *Id.* Accordingly, the Court informed the parties it would submit only one claim for deliberate indifference to a serious medical need, and there would be no separate instruction regarding conditions of confinement. *Id.*

During the trial, the parties elicited testimony from medical experts, Plaintiff, Defendants, and other Johnson County Jail staff, including a treating physician assistant, and introduced documentary evidence, such as grievance forms and medical intake forms. Clerk's No. 175. At the close of evidence, both Plaintiff and Defendants moved for Judgment as a Matter of Law, pursuant to Federal Rule of Civil Procedure 50. Day Three Trial Tr. at 179–82; Day Four Trial Tr. at 2–3; Clerk's Nos. 167, 168. Additionally, Plaintiff, in response to the Court's proposed final jury instructions, again argued that a separate conditions of confinement claim should be presented to the Jury and made a Motion to Amend the Pleadings to Conform to the Evidence Presented at Trial, pursuant to Federal Rule of Civil Procedure 15(b). Day Four Trial Tr. at 5–10; Clerk's No. 180. Upon inquiry by the Court, Plaintiff agreed that the conditions of confinement claim was a challenge to the overall conditions in the Johnson County Jail. Day Four Trial Tr. at 8, 9. On the record, the Court reviewed the conditions of confinement legal standard, emphasizing the narrowness of the objective component of the standard, noting: "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 10 (quoting Fed. Judicial Ctr., *Section 1983 Litigation* 67–68 (2d ed. 2008) (quoting *Wilson v. Seiter,* 501 U.S. 294, 304–05, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991))). The Court stated its conclusion that the record and the law did not support a conditions of confinement claim independent of the deliberate indifference to a serious medical need claim and denied Plaintiff's Rule 15(b) Motion. *Id.*

After receiving instructions on the deliberate indifference to a serious medical need claim, the Jury returned a verdict in favor of Defendants, finding that Plaintiff did not have a serious medical need. Clerk's No. 171. Because the Jury con-

---

**3.** All references to the Pre-trial and Trial Transcript are to the Court's daily unedited

RealTime transcript provided by the Court Reporter.

cluded Plaintiff did not have a serious medical need, it was not required to consider the subjective component of the claim or whether Plaintiff sustained damage. *Id.* Plaintiff now argues that the Court erred by failing to submit a conditions of confinement jury instruction, and that the Jury erred in its verdict because Plaintiff clearly established each element of the deliberate indifference to a serious medical need claim.

## II. LAW AND ANALYSIS

### A. *Conditions of Confinement Legal Standard*

The Eighth Amendment prohibits "cruel and unusual punishments," and requires that prison officials provide humane conditions of confinement. U.S. Const. amend. VIII; *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). However, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). A prisoner asserting a conditions of confinement claim must identify the "deprivation of a single, identifiable human need such as food, warmth, or exercise," and "the risk that the prisoner complains of [must] be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney,* 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson,* 501 U.S. at 304, 111 S.Ct. 2321. A conditions of confinement claim based on prison conditions requires a showing of: (1) a deprivation of "minimal civilized measure of life's necessi-

ties," and (2) deliberate indifference by prison officials to those basic needs. *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392; *Wilson,* 501 U.S. at 304, 111 S.Ct. 2321. A pre-trial detainee may challenge the conditions of his confinement under the Due Process Clause of the Fifth and Fourteenth Amendments just as a prisoner can challenge the conditions of his confinement under the Eighth and Fourteenth Amendments; the deliberate indifference standard applied is identical. *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir.2005).

A deliberate indifference to a serious medical need claim presents one subset of possible conditions of confinement claims, and specifically asserts that a plaintiff was deliberately deprived of his basic need for medical care. *Aswegan v. Henry,* 49 F.3d 461, 463–64 (8th Cir.1995) ("A claim asserting deliberate indifference to a prisoner's serious medical need is thus best characterized as falling within a specific subcategory of conditions of confinement claims, not as a separate and distinct legal theory."). The same analytical model applies equally to conditions of confinement cases and to deprivation of medical care cases. *Beyerbach v. Sears,* 49 F.3d 1324, 1326 n. 1 (8th Cir.1995). To prevail on a deliberate indifference to a serious medical need claim, a prisoner detainee must show: (1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it. *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir.2000). The Eighth Circuit distinguished between a more general conditions of confinement claim and a claim asserting deliberate indifference to a serious medical need in *Aswegan v. Henry:*

> The type of proof necessary to prove a particular type of conditions of confinement claim depends on the harm that the inmate alleges. *See Hudson v.*

*McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends on the claim at issue"). When the condition of confinement at issue relates to a prisoner's medical condition, "a prison official violates the Eighth Amendment by being deliberately indifferent either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm." *Weaver v. Clarke,* [45 F.3d 1253, 1255 (8th Cir.1995)]. Thus, when an inmate ... alleges deliberate indifference to *current existing health problems,* instead of his future health, the inmate must prove deliberate indifference to a serious medical need. *See id.* When the inmate asserts that there will be harm to his future health or well-being, the inmate must satisfy the more general conditions of confinement test. *See id.*

49 F.3d at 463–64 (emphasis added).

### B. *Motion for New Trial*

 Plaintiff contends a new trial is warranted because the Court issued improper jury instructions. Federal Rule of Civil Procedure 59 provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

The power to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). This discretion must be supported by sufficient cause, however, because "[a] litigant is entitled to a fair trial, but only one." *Jones v. Iowa State Highway Comm'n,* 185 N.W.2d 746 (Iowa 1971). In exercising its discretionary power to grant a new trial, the role and function of the jury is not to be trivialized. "The district court can only disturb a jury verdict to prevent a miscarriage of justice." *Beckman v. Mayo Found.,* 804 F.2d 435, 439 (8th Cir.1986) (citing *McGee v. S. Pemiscot Sch. Dist. R–V,* 712 F.2d 339, 344 (8th Cir.1983)).

"A party is entitled to have an instruction setting forth its theory of the case presented to the jury if the instruction is legally correct and supported by the evidence." *Bursch v. Beardsley & Piper,* 971 F.2d 108, 112 (8th Cir.1992). "[T]he jury instructions, taken as a whole, [must] fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." *Sanders v. May Dept. Stores Co.,* 315 F.3d 940, 946 (8th Cir.2003) (citing *Brown v. Sandals Resorts Int'l,* 284 F.3d 949, 953 (8th Cir.2002)). "[A] district court has wide discretion to formulate appropriate jury instructions ... [and the Eighth Circuit] will not reverse unless [it] find[s] that the error affected the substantial rights of the parties." *Fogelbach v. Wal–Mart Stores, Inc.,* 270 F.3d 696, 699 (8th Cir. 2001) (internal citations and quotation omitted).

Plaintiff asserts that when he made his objection to the jury instructions, "the Court overruled the Plaintiff's objection on the basis that the conditions of confinement jurisprudence had adopted a 'deliberate indifference' standard used in deliberate indifference to serious medical needs cases and therefore the Plaintiff had only one viable claim." Pl.'s Brief at 1–2. Plaintiff also argues that the evidence at trial supported both the claim for deliberate indifference to a serious medical need and a claim for deliberate indifference to conditions of confinement. Plaintiff contends that "the conditions of confinement worked together to deprive the prisoner of

one specific, identifiable basic human need ... the right to breath clean, non-toxic air." *Id.* at 8.

First, the Court notes that it did not base its decision to overrule Plaintiff's objection to the jury instructions on the common subjective component between the two claims. On the first occasion when the Court addressed this question, it noted its belief, based on the evidence and pleadings, that the condition of confinement challenged by the Plaintiff was deliberate indifference to a serious medical need, and that submitting both claims to the jury would create a danger of jury confusion. On its second occasion to consider the issue, the Court noted that the law does not support a conditions of confinement claim based on the "overall conditions" in a prison and, once again, concluded that the record did not support a separate conditions of confinement claim.

Second, the Court is not persuaded that the pleadings, the pretrial order, or the record at trial supported presenting both a deliberate indifference to a serious medical need instruction and a conditions of confinement instruction to the Jury. The Eighth Circuit clearly stated in both *Aswegan v. Henry* and *Weaver v. Clarke* that deliberate indifference to a serious medical need and conditions of confinement are not distinct legal theories and that the type of claim presented depends on the type of harm alleged by the prisoner. 49 F.3d at 463–64; 45 F.3d at 1255. In *Aswegan,* the Eighth Circuit held that the magistrate judge had erred in applying the general conditions of confinement analysis rather than the more specific deliberate indifference to a serious medical need standard when the plaintiff alleged immediate harm resulting from his confinement in an open-fronted shower stall for 30 minutes. 49 F.3d at 463–64. Similarly, in Weaver, the Eighth Circuit examined the facts pled by the prisoner, includ-

ing claims that exposure to environmental tobacco smoke caused severe headaches, dizziness, nausea, vomiting, and breathing difficulties, and concluded that the prisoner presented a claim that prison officials were deliberately indifferent to his existing serious medical needs. 45 F.3d at 1256 ("As portrayed in Weaver's complaint, environmental tobacco smoke is the catalyst for Weaver's existing health problems.... We conclude that Weaver has alleged deliberate indifference to his existing serious medical needs.") (emphasis added). In both cases, the Eighth Circuit concluded that when a prisoner alleges conditions which cause an immediate harm to the prisoner's health, the claim should be construed as a deliberate indifference to a serious medical need claim, not a general conditions of confinement claim. From this case law, it is clear that the Eighth Circuit did not envision the two claims as alternative theories which would both support recovery when a prisoner alleges immediate harm to his health.

Here, Plaintiff consistently alleged that his exposure to the cleaning solvent immediately harmed his health. The Third Amended Complaint set forth two causes of action: (1) a "violation of constitutional rights" cause of action based on "the refusal to remove Plaintiff from cell block when chemical cleaner was used in violation of Plaintiff's Constitutional rights against cruel and unusual punishment;" and (2) a "deliberate indifference" cause of action asserting that "Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, [ ] acted or failed to act in a way as to deprive Plaintiff of necessary and adequate medical care thereby endangering the Plaintiff's health and well-being." Third Am. Compl. at 5–6. Both causes of action were contingent on Plaintiff's exposure to the cleaning solvent, which he alleged constricted his breathing and caused

him to cough up blood. *Id.* at 4. Likewise, the pretrial order did not clearly distinguish the two claims, but rather combined into one legal issue the allegation that Defendants were deliberately indifferent to a serious medical need and subjected Plaintiff to conditions of confinement with deliberate indifference to his health and safety by exposing the Plaintiff to the cleaning solvent and failing to move him when it was in use. Finally, at trial, Plaintiff testified that his exposure to the cleaning solvent resulted in immediate and present harm to his health. *E.g.,* Day Two Trial Tr. at 12–13 ("My recollection is that I told them that it was causing me a painful reaction, I was coughing blood, having a real difficult time breathing, and that I thought it was going to injure me if I didn't—if I wasn't able to somehow minimize my exposure to the chemical."). The pleadings, the pre-trial order, and the evidence introduced at trial all indicate that Plaintiff believed that the prison officials' actions caused immediate harm to his health. Under *Aswegan* and *Weaver,* the correct legal standard to apply was deliberate indifference to a serious medical need, not the general conditions of confinement standard.

Plaintiff points to *Goff v. Harper* in support of the proposition that a deliberate indifference to a serious medical need claim and a conditions of confinement claim are two distinct types of claims and argues that the same analysis should apply to Plaintiff's case. 1997 U.S. Dist. LEXIS 24186 (S.D.Iowa 1997). In *Goff,* a class of prisoners brought numerous Eighth Amendment claims against prison officials for deliberate indifference to serious medical needs and for conditions of confinement, including challenges to the

length of sentences, small cells, lack of exercise, and the mixing of mentally-stable and mentally-ill inmates. *Id.* at *2–3. *Goff,* however, is easily distinguishable from Plaintiff's case. Each of the conditions of confinement claims asserted by the *Goff* plaintiffs alleged substandard living conditions, whereas the deliberate indifference to a serious medical need claims related to inadequate medical care. Here, however, Plaintiff did not allege two distinct causes of action arising from different factual bases. Instead, the facts which Plaintiff asserted in support of his conditions of confinement claim were identical to those submitted in support of his deliberate indifference to a serious medical need claim. The facts of Plaintiff's case are more analogous to those in *Aswegan* and *Weaver* than they are to the varied factual allegations presented in *Goff.* Accordingly, the Court believes the jury instructions as given fairly and adequately represented the evidence and applicable law.[4] Plaintiff's motion for a new trial for failure to give a separate conditions of confinement instruction is denied.

### C. *Renewed Motion for Judgment as a Matter of Law*

■ Federal Rule of Civil Procedure 50(a) provides that at any time before a case is submitted to a jury, either party may move for judgment as a matter of law. "If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R.Civ.P. 50(b). In ruling on a renewed motion for judgment as a matter of law pursuant to Rule 50(b), the Court may "(A)

---

4. The parties dispute the substance of the proposed conditions of confinement instruction. The Court declines to speculate what might be the correct wording of a conditions of confinement jury instruction since it has concluded that a conditions of confinement instruction was not supported by the record presented in this case.

allow the judgment to stand, (B) order a new trial, or (C) direct entry of judgment as a matter of law." Fed.R.Civ.P. 50(b)(1).

Since this country's inception, an individual's right to trial by jury, in both civil and criminal matters has been held to be of the utmost importance. Indeed, the Seventh Amendment specifically provides that "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States," except according to the rules of the common law. U.S. Const. amend. VII. The distinct roles between the court and the jury must be recognized and followed. For example:

> Whether the evidence, when offered, is admissible, is a question for the court; but when admitted, the question whether sufficient or not is for the jury, and it is their province to draw from it all such inferences and conclusions as it conduces to prove, and which, in their judgment, it does prove, and their finding is conclusive, unless a new trial is awarded by the court in which the case is tried, or in the appellate tribunal, for some error of law.

*Barreda v. Silsbee*, 62 U.S. 146, 167, 21 How. 146, 16 L.Ed. 86 (1858). The respect for the jury system is such that the court "will not disturb a jury's verdict unless [it] determine[s] that no reasonable juror could have found for the non-moving party based on the trial record." *Sanders*, 315 F.3d at 943 (citing *Moring v. Ark. Dep't of Corr.*, 243 F.3d 452, 455 (8th Cir.2001)).

■ Accordingly, in considering the post-verdict renewed motion for judgment as a matter of law, the trial court is: (1) to consider the evidence in the light most favorable to the ... parties prevailing with the jury; (2) to assume that all conflicts in the evidence were resolved ... in favor of the prevailing parties; (3) to assume as proved all facts which the prevailing parties' evidence tends to prove; (4) to give the prevailing parties the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and (5) to deny the motion if, reviewing the evidence in this light, reasonable men could differ as to the conclusion to be drawn from it. *Voegeli v. Lewis*, 568 F.2d 89, 92 (8th Cir.1977) (quoting *Griggs v. Firestone Tire & Rubber Co.*, 513 F.2d 851, 857 (8th Cir. 1975)). The Court must focus its analysis on "whether or not the record contains evidence sufficient to support the jury's verdict." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 863 (8th Cir. 2004). " 'Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining [the prevailing party's] position.' " *Id.* (quoting *Racicky v. Farmland Indus., Inc.*, 328 F.3d 389, 393 (8th Cir.2003)); *see also Top of Iowa Co-op. v. Schewe*, 324 F.3d 627, 633 (8th Cir.2003) (" 'Post-verdict judgment as a matter of law is appropriate only where the evidence is entirely insufficient to support the verdict.' ") (quoting *Belk v. City of Eldon*, 228 F.3d 872, 878 (8th Cir. 2000)). In making this evaluation, the Court must be mindful that " '[a] mere scintilla of evidence is inadequate to support a verdict,' and judgment as a matter of law is proper when the record contains no proof beyond speculation to support the verdict." *Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 701 (8th Cir.2004) (quoting *Larson v. Miller*, 76 F.3d 1446, 1452 (8th Cir.1996) (en banc)).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *E.g., Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995). Plaintiff argues that he proved that he suffered a serious medical need through his own testimony and evi-

dence that Defendants failed to follow a medical order. However, Plaintiff did not present testimony that provided first-hand corroboration of his symptoms, and Defendants entered evidence that called into doubt the seriousness of Plaintiff's reaction to the cleaning solvent, including testimony from David Walz ("Walz"), a physician assistant who had treated Plaintiff. *E.g.,* Day Two Trial Tr. at 180 (Q: Do you believe there's any evidence based on your examination of Mr. Christian on July 3rd, 2001, that at the time he was suffering from a[ ] serious medical need. A: No, there is not.). Additionally, Defendants presented testimony from Walz that the medical records cited by Plaintiff did not contain a medical order. *Id.* at 178 (Q: [Was] that an order to the deputies? A: No. That was an instruction to the patient that if possible, if he was having symptoms, he should move away from where the cleaning products were being used...."). Having observed the evidence presented at trial, the Court is satisfied that sufficient evidence was presented for the Jury to conclude that Plaintiff did not have a serious medical need to be removed from the cleaning solvent. Accordingly, the Court denies Plaintiff's Motion for Judgment as a Matter of Law.

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for New Trial and for Judgment as a Matter of Law (Clerk's No. 178) is DENIED.

IT IS SO ORDERED.