Judy Ellen HOLBIRD, Appellant,

v.

Debra ARMSTRONG–WRIGHT, Appellee.

No. 91–1404.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1991.

Decided Nov. 26, 1991.

---

Judy Ellen Holbird, appellant pro se.

No appearance for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Judy Ellen Holbird appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas dismissing her complaint under 28 U.S.C. § 1915(d). For the reasons discussed below, we affirm the judgment of the district court.

Holbird, an inmate of the Arkansas Department of Correction, filed a complaint under 42 U.S.C. § 1983, naming Debra Armstrong–Wright, an attorney in private practice in Fort Smith, Arkansas, as defendant. Holbird related that Armstrong–Wright had served as her appointed counsel for about one and one-half years in a federal district court civil rights case. Holbird alleged that Armstrong–Wright's actions had violated her constitutional rights and further, that Armstrong–Wright had retained or otherwise disposed of case documents and records belonging to Holbird. Holbird described a series of actions and inactions by Armstrong–Wright which Holbird characterized as professional misconduct and "deliberate indifference to the wishes and instructions of client to her counsel" which continued until Holbird's motion to remove Armstrong–Wright from the case was granted by the district court. Holbird admitted that she received certain records back, but found pages missing and stated her belief that Armstrong–Wright had supplied the missing documents to the prosecuting attorney's office to benefit the defendants in the civil rights case Holbird was prosecuting with Armstrong–Wright as counsel. Holbird requested monetary damages and injunctive relief relating to the production and return of materials.

Adopting the magistrate judge's[2] report and recommendation after consideration of Holbird's objections, the district court effected a section 1915(d) dismissal of the action. Holbird filed a timely notice of appeal. She argues on appeal that she is being denied due process and equal treatment and that her action "should be processed" because it is "an exceptional case."

The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations. *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir.1974) (per curiam); *see also Eling v. Jones*, 797 F.2d 697, 699 (8th Cir.1986), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987). Moreover, Holbird's allusion to a conspiracy between her attorney and the prosecutor or prosecutors is inadequate. *See Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983) (per curiam) (allegations must at least include that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and provide some facts suggesting a meeting of the minds) (citation omitted).

Our affirmance is without prejudice to Holbird's right to pursue in an appropriate forum any claims she may have based on state tort law. *See Ferri v. Ackerman*, 444 U.S. 193, 204–05, 100 S.Ct. 402, 409–10, 62 L.Ed.2d 355 (1979).

---

1. The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

2. The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas.