Chris MYERS, Jr., Appellant,

v.

Judge VOGAL, Judge Rushmyer, Tom Walters, John Knight, Ed Dentle, Kirk Daily, Appellees.

No. 91–3343.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 26, 1992.

Decided April 3, 1992.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Chris Myers, Jr., an Iowa inmate, brought this 42 U.S.C. § 1983 action against two state judges and four attorneys. Myers contends the judges violated his constitutional rights by waiving juvenile court jurisdiction and sentencing him as an adult. Myers contends his four attorneys provided ineffective assistance of counsel. The district court sua sponte dismissed Myers's complaint as frivolous because the statute of limitations for filing a section 1983 claim in Iowa had run. Myers appeals from this dismissal.

■ Although we decide this case on a different basis, we conclude the district court properly dismissed Myers's complaint as frivolous under 28 U.S.C. § 1915(d). We reach this conclusion because each of Myers's claims "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). The judges acted within their judicial capacities and did not clearly lack jurisdiction. Thus, the judges have absolute immunity from liability in this action. *See Mireles v. Waco,* — U.S. ——, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (per curiam). Myers's claim for damages against his attorneys must also fail. The attorneys who represented Myers, whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983. *See Holbird v. Armstrong-Wright,* 949 F.2d 1019, 1020 (8th Cir.1991) (per curiam).

■ Notwithstanding the basis for our decision, the district court did not commit

error in dismissing Myers's complaint as frivolous based on the expiration of the statute of limitations. Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run. *Street v. Vose*, 936 F.2d 38, 39 (1st Cir.1991) (per curiam), *cert. denied,* — U.S. ——, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992); *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990).

Accordingly, we affirm.