963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John B. DEMPSEY, Plaintiff, Appellant,
v.
SEARS ROEBUCK and CO., et al., Defendants, Appellees.
 No. 91-2167.
 United States Court of Appeals,
First Circuit.
 June 5, 1992
 
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 John B. Dempsey appeals pro se the dismissal of his in forma pauperis complaint as frivolous under 28 U.S.C. § 1915(d). The district court entered the sua sponte order before service of process. We review the legal basis of such a dismissal de novo, and affirm, essentially for the reasons stated by the district court in Dempsey v. Sears, Roebuck & Co., No. 91-11822, Memorandum and Order (D. Mass. Oct. 15, 1991). We add the following comments.
 
 
 2
 a) 42 U.S.C. § 1983 claims.
 
 
 3
 Appellant's contention that the appellees are state actors for § 1983 purposes is clearly meritless. According to the complaint, appellant brought a state-court suit against the appellees sometime in 1986. He alleges that his opponents then were governmental actors under § 1983 simply because they utilized state-created rules of procedure in order to secure dismissals. Normally, the activities of a private entity (or its attorney), in litigating (or, as here, defending against) a civil dispute, are not conduct "under color of state law", an essential ingredient of an action under § 1983. See Edmonson v. Leesville Concrete Co., 111 S. Ct. 2077, 2083-84 (1991) ("[P]rivate use of state-sanctioned private remedies or procedures does not rise, by itself, to the level of state action.").[1] There can be no doubt that the traditional litigation choices made by a private litigant in a civil case, see, e.g., id. at 2086-87, whether the litigant is the plaintiff or the defendant, are not, as the district court found, "fairly attributable to the State". Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see also Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of § 1983 violations."). No amendment of appellant's complaint could revive this obviously insupportable claim, as it alleges "infringement of a legal interest which clearly does not exist", Neitzke v. Williams, 490 U.S. 319, 327 (1989), and was properly dismissed under § 1915(d).
 
 
 4
 b) Negligence and breach of warranty claims.
 
 
 5
 We next turn to appellant's negligence and breach of warranty counts under Massachusetts law. Appellant argued below that certain state-created disabling conditions (minority and imprisonment) had tolled the running of the applicable three-year statute of limitations as to these claims. The district court found that any tolling of the limitations period had expired in light of the fact that appellant had asserted the same claims against the appellees in other lawsuits filed as early as 1986. We do not find this conclusion readily apparent from the only pleading before us, the appellant's lengthy complaint. The record includes no papers or other court records disclosing any information about any earlier litigation. The bare mention of prior filings does not justify the conclusion that the statute of limitations had run as to the negligence and breach of warranty claims. See Boag v. MacDougall, 454 U.S. 364, 365 n.* (1982) (per curiam).
 
 
 6
 Ordinarily, affirmative defenses, such as the statute of limitations, are subject to pleading and proof. Fed. R. Civ. P. 8(c). A sua sponte dismissal under § 1915(d) may, however, be appropriate in certain limited circumstances, i.e., when it is obvious either from the face of the complaint, or from other court records, that an affirmative defense will necessarily defeat the claim. See, e.g., Clark v. Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (statute of limitations); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990) (limitations and res judicata); Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987) (waiver); Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (limitations and collateral estoppel).
 
 
 7
 In Street v. Vose, 936 F.2d 38 (1st Cir. 1991), we upheld the sua sponte dismissal of a § 1983 action under § 1915(d) as barred by the Massachusetts statute of limitations applicable to civil rights actions, but cautioned that where a state's tolling provisions are involved, "district courts may wish to issue an order to show cause to a plaintiff whose complaint suggests that it is legally meritless because it is barred by the statute of limitations. This will give the plaintiff an opportunity to demonstrate whether the state's tolling provisions apply." Id. at 41 n.5. Alternatively, any potential surprise from a sua sponte dismissal due to an unanticipated defense can be avoided by first allowing the defendant to be served and given the opportunity to brief the issue or otherwise complete the record.
 
 
 8
 Notwithstanding our conclusion that it is not apparent from the allegations on the face of the complaint that the negligence and breach of warranty claims have expired, they were properly dismissed as frivolous based on statute of limitations grounds. Appellant's tolling arguments have been raised in an earlier decision by this court and found to be meritless. Dempsey v. Federal Bureau of Investigation, No. 88-1920, slip op. (1st Cir. Mar. 21, 1989) decided, in another context not relevant here, that the appellant's minority and imprisonment disabilities claimed under Mass. Gen. L. ch. 260 § 7 had tolled the running of the three year personal injury statute of limitations, ch. 260 § 2A, until September 30, 1987. The negligence and breach of warranty claims, filed on June 16, 1991, are, as found by the district court, subject to the same limitations and tolling provisions, and thus have clearly expired. The appellant cannot avoid this result by bringing another action in the district court in an apparent attempt to relitigate that issue. See F.D.I.C. v. Ramirez-River a, 869 F.2d 624, 627 (1st Cir. 1989).
 
 
 9
 c) Conclusion.
 
 
 10
 Accordingly, the complaint states only frivolous claims for relief and was properly dismissed under § 1915(d). The judgment of the district court is affirmed.
 
 
 
 [1]
 There are no allegations here of conspiracy. Tower v. Glover, 467 U.S. 914, 920 (1984) ("[O]therwise private person acts 'under color of' state law when engaged in a conspiracywith state officials to deprive another of federal rights.")