16 F.3d 280
 Thomas E. KAYSER, Appellee,
v.
Paul D. CASPARI, Superintendent, Missouri Eastern
Correctional Center, Appellant,
Myrna Trickey, Zone Director, Missouri Department of
Corrections, Eastern District; Robert Schoenen,
Chief Medical Officer, Missouri Eastern
Correctional Center, Defendants,
Barbara Buescher, RN/Medical Health Supervisor, Missouri
Eastern Correctional Center; Appellant,
Judith Hudson, Medical Health Supervisor, Missouri Eastern
Correctional Center; Dr. Jose A. Benitez, Defendants.
 No. 93-2437.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 17, 1993.
Decided Feb. 9, 1994.
 
 Counsel who presented argument on behalf of the appellant was Deborah B. Yates of St. Louis, Missouri. Mariette T. Brodeur of St. Louis, Missouri, appeared on the brief. Appellant was also represented by Paul M. Rauschenbach of St. Louis, Missouri.
 Counsel who presented argument on behalf of the appellee was Steven L. Groves of St. Louis, Missouri.
 Before MAGILL and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.
 BEAM, Circuit Judge.
 
 
 1
 Thomas E. Kayser brought a 42 U.S.C. Sec. 1983 claim alleging that prison officials Paul Caspari and Barbara Buescher[1] violated his constitutional rights by displaying deliberate indifference to his serious medical needs. Caspari and Buescher moved for summary judgement on the basis of qualified immunity. The district court denied this motion concluding that Kayser had alleged a violation of clearly established Eighth Amendment law. We hold that Kayser has not alleged any constitutional violation. Accordingly, we reverse without reaching the issue of qualified immunity.
 
 
 2
 Section 1983 requires the plaintiff to allege that state actors violated his constitutional rights. Kayser claims that his Eighth Amendment rights were violated when the prison officials confiscated his egg-crate mattress, refused to assign him to a bottom bunk, and ignored his kidney stone ailment. The mattress and bunk allegations are frivolous.[2] The kidney stone allegation might present a close question if there was any medical evidence to support Kayser's claim that he suffered from this ailment. Kayser's self-diagnosis alone cannot establish that he does, in fact, suffer from kidney stones and the available medical evidence does not support his self-diagnosis. The prison sent Kayser to the hospital where he underwent a medical examination. Radiography tests revealed multiple calcifications in the area of the spleen, but did not reveal any definite opaque calculi in the area of the urinary tract. Radiology Report, Appellee's Appendix at 40. Furthermore, an abdominal examination found no evidence of an opaque foreign body and concluded that the kidneys were normal. Radiology Report, Appellee's Appendix at 43. Thus, the only evidence that Kayser suffered from kidney stones is his bare assertion.
 
 
 3
 The prison provided an escalating level of treatment for Kayser's ailments over time. At no time did the prison ignore his allegations of pain or refuse him medical treatment. Kayser's disagreement with the course of treatment provided to him is not sufficient basis for an Eighth Amendment violation. He has simply not alleged a serious medical need to which the prison officials were deliberately indifferent. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Therefore his section 1983 claim must fail. Accordingly, we reverse the decision of the district court and dismiss this case.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 Kayser dropped his claims against Myrna Trickey, Dr. Benitez and Dr. Schoenen because he was unable to locate them for service of process. The district court dismissed Kayser's claim against Judith Hudson. Thus, Caspari and Buescher are the only appellants in this case
 
 
 [2]
 The prison had a policy against egg-crate mattresses because these mattresses emit toxic fumes when ignited. After Kayser's mattress was confiscated, his medical records were reviewed by a physician who determined that an egg-crate mattress was not medically indicated. Instead the prison supplied him with an new mattress. We find no deliberate indifference in these actions
 Kayser also alleges that he was denied a lower bunk assignment despite a serious hip problem. However, the evidence reveals that Kayser occupied a lower bunk, making this claim frivolous.