69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Douglas HAMMOND, Appellant,
v.
Lynn DELANO, Secretary of the Department of Corrections for
the State of South Dakota (in her official and personal
capacity); Walter Leapley, Warden of South Dakota State
Penitentiary (in his official and personal capacity); Dr.
Donald M. Frost, Director of Medical Services at the South
Dakota State Penitentiary (in his official and personal
capacity); Robert Kuemper, Guard at the South Dakota State
Penitentiary (in his official and individual capacity);
John Doe, Guard # 1 (in his official and individual
capacity); Lt. Larry Young, Corrections Officer at the
South Dakota State Penitentiary (in his official and
individual capacity); Jane Doe, Nurse at the South Dakota
State Penitentiary (in her official and personal capacity),
Appellees.
Douglas HAMMOND, Appellant,
v.
David FIEDLER, also known as Michael E. Ridgway, Police
Officer for the City of Yankton, South Dakota (in his
official and personal capacity); Jeff Sorenson, Police
Officer for the City of Yankton, South Dakota (in his
official and personal capacity); Richard Sutera, Police
Officer for the City of Yankton, South Dakota (in his
official and personal capacity); John Doe # 1, Police Chief
for the City of Yankton, South Dakota (in his official and
personal capacity); John Doe # 2, Yankton, South Dakota
County Sheriff (in his official and personal capacity);
John Doe # 3, Mayor for the City of Yankton, South Dakota
(in his official and personal capacity); Craig Kennedy,
Yankton, South Dakota States Attorney (in his official and
personal capacity); Jerry Pollard, Attorney, Yankton, South
Dakota (in his official and personal capacity); Bill
Miller, Detective of the Yankton, South Dakota Police
Department (in his official and personal capacity), Appellees.
Douglas HAMMOND, Appellant,
v.
David FIEDLER, Police Officer for the City of Yankton, South
Dakota (in his official and personal capacity); Jeff
Sorenson, Police Officer for the City of Yankton, South
Dakota (in his official and personal capacity); Richard
Sutera, Police Officer for the City of Yankton, South Dakota
(in his official and personal capacity); John Doe # 1,
Police Chief for the City of Yankton, South Dakota (in his
official and personal capacity); John Doe # 2, Yankton,
South Dakota County Sheriff (in his official and personal
capacity); John Doe # 3, Mayor for the City of Yankton,
South Dakota (in his official and personal capacity); Jerry
Pollard, Attorney, Yankton, South Dakota (in his official
and personal capacity); Bill Miller, Detective of the
Yankton, South Dakota Police Department (in his official and
personal capacity); Craig Kennedy, Yankton, South Dakota
States Attorney (in his official and official and personal
capacity), Appellees.
 No. 94-4117.
No. 94-4118.
 No. 94-4120.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 1, 1995.
Filed Nov. 8, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, Douglas Hammond, a South Dakota inmate, appeals the district court's[1] dismissal of two of his 42 U.S.C. Sec. 1983 suits (Appeal Nos. 94-4118 and 94-4120), and its grant of summary judgment to defendants in his third section 1983 suit (Appeal No. 94-4117). We dismiss the appeal in No. 94-4118 as untimely, and affirm the district court in Nos. 94-4117 and 94-4120.
 
 
 2
 1. Douglas Hammond v. David Fiedler, et al., No. 94-4118 and Douglas Hammond v. David Fiedler, et al., No. 94-4120.
 
 
 3
 On September 17, 1993, Hammond filed a section 1983 suit (No. 94-4118) against defendants from Yankton, South Dakota; the district court dismissed Hammond's complaint as frivolous on February 28, 1994. On March 3, 1994, Hammond filed another section 1983 complaint (No. 94-4120), in which he alleged defendants falsified evidence, leading to his wrongful conviction. He also alleged that while detained at the Yankton Public Safety Center, the medical care he received violated his Eighth Amendment rights. On December 16, 1994, the district court also dismissed this second action as frivolous. Hammond appealed both dismissals on December 23, 1994.
 
 
 4
 We dismiss Hammond's appeal in No. 94-4118 as untimely. See Fed. R.App. P. 4(a)(1); Hulsey v. Sargent, 15 F.3d 115, 118-19 (8th Cir.1994).
 
 
 5
 As to No. 94-4120, the district court did not abuse its discretion in dismissing Hammond's complaint. See 28 U.S.C. Sec. 1915(d); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (standard of review); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (complaint is frivolous if it lacks "an arguable basis either in law or in fact"). Hammond cannot obtain release from custody through a section 1983 action, nor may he pursue a damages action based on his allegedly wrongful conviction. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973). The district court correctly concluded that Hammond's Eighth Amendment claims based on conduct before September 17, 1990, were barred by South Dakota's statute of limitations. See S.D. Codified Laws Ann. Sec. 15-2-15.2 (1995 Supp.); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir.1992) (per curiam) (district court may effect Sec. 1915(d) dismissal when it is apparent statute of limitations has run). The only alleged incident within the limitations period occurred on September 28, 1990. The district court did not abuse its discretion when it dismissed this claim, however, because Hammond alleged only that he was "in pain" on that date, and did not allege he sought medical treatment, nor did he allege any action or inaction by defendants. See Martin v. Sargent, 780 F.2d 1334, 1337-38 (8th Cir.1985) (Sec. 1983 complaint must set forth specific facts supporting its conclusions and must allege defendant's personal involvement in or direct responsibility for plaintiff's injuries).
 
 
 6
 2. Douglas Hammond v. Lynn Delano, et al., No. 94-4117.
 
 
 7
 In this section 1983 action, Hammond alleged that defendants, all current or former South Dakota prison officials or South Dakota State Penitentiary (SDSP) employees, violated his Eighth Amendment rights by failing to provide him proper medical care on December 17, and December 19, 1992. The district court granted summary judgment to defendants.
 
 
 8
 This court reviews a grant of summary judgment de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Mumford v. Godfried, 52 F.3d 756, 759 (8th Cir.1995). The district court appropriately granted summary judgment because Hammond did not produce sufficient evidence from which a jury could infer defendants actually knew of, and disregarded, his serious medical needs. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir.1995) (applying Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994), definition of deliberate indifference in medical context).
 
 
 9
 Hammond alleged that on December 17, he suffered a heart attack at 12:20 p.m., and was taken to Sioux Valley Hospital (SVH), but that a defendant corrections officer brought him back to the SDSP at 3:00 p.m. against doctor's orders. He claimed he had several more heart attacks during the course of the evening, but that a defendant nurse told him he was suffering from hyperventilation, and treated him by having him breathe into a paper bag. Defendants presented evidence indicating the SVH treating physician diagnosed Hammond as suffering from hyperventilation, and indicated Hammond could receive further treatment at the SDSP clinic if any difficulties arose. Hammond's opinion that he suffered "heart attacks," and his assertions concerning the SVH physician's advice, were insufficient to overcome defendants' evidence to the contrary. See Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994) (prisoner's self-diagnosis does not establish that medical problems exist); Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir.1995) (inmate's Eighth Amendment claim failed when he did not respond to summary judgment motion with affidavit or other materials to counter defendants' medical evidence).
 
 
 10
 Defendants' evidence also indicated that when Hammond complained of chest pains at 1:55 a.m. on December 19, one of the defendants responded promptly, consulted with an on-call physician, administered nitroglycerin, and had Hammond quickly transported to SVH when his condition did not improve. Hammond offered no evidence from which a jury could conclude defendants were deliberately indifferent. Cf. Kayser, 16 F.3d at 281 (prison officials provided escalating level of treatment and never refused to provide treatment or ignored inmate's allegations of pain); cf. Beyerbach, 49 F.3d at 1326 (" 'An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.' " (quoted case & emphasis omitted)). Although Hammond asserted officers made insensitive comments while Hammond walked to the car that was to transport him to SVH, their words alone are not sufficient to support Hammond's claim. Cf. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir.1993).
 
 
 11
 As to Lynn Delano, Walter Leapley, and Dr. Donald M. Frost, Hammond's claims fail because he admitted they were not personally involved in the alleged events, and Hammond did not show that any policy promulgated by these defendants (or their refusal to change a policy) caused him injury. See Boyd, 47 F.3d at 968 (supervisor cannot be held liable on respondeat superior theory; liable for Eighth Amendment violation only when personally involved in violation or when corrective inaction constitutes deliberate indifference).
 
 
 12
 Accordingly, the appeal in No. 94-4118 is dismissed, and the judgments in Nos. 94-4117 & 94-4120 are affirmed.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota