No. 96-1793

David Hill,                            *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       * Appeal from the United States
State of Iowa; Steve McCoy;            * District Court for the
Michael Moorland; Sam Erhart,          * Southern District of Iowa.
Judge; Clerk of Court of               *
Wapello County; Wapello County         *          [UNPUBLISHED]
Sheriff's Department; Unnamed          *
Defendants, Unknown Agents of          *
Government/State,                      *
                                       *
          Appellees.                   *


                       Submitted: April 3, 1996

                         Filed: May 3, 1996


Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.


PER CURIAM.

     Iowa prisoner David Hill appeals the dismissal as frivolous of his
42 U.S.C. § 1983 complaint by the District Court[1] for the Southern District
of Iowa. Hill complained he did not receive preliminary notice of a 1991
state replevin proceeding.

     Upon initial review and before service of process, the district court
held that under Iowa law the cause of action accrued in 1991 when service
of the replevin notice gave Hill knowledge of all the facts supporting his
claim. The district court determined

---

     [1]The Honorable R. E. Longstaff, United States District Judge
for the Southern District of Iowa.

the two-year Iowa statute of limitations applicable to § 1983 actions barred the suit, concluded Hill's complaint lacked an arguable basis in law, denied leave to proceed in forma pauperis, and summarily dismissed the complaint without prejudice as frivolous under 28 U.S.C. § 1915(d).

A district court may dismiss an in forma pauperis complaint under § 1915(d) when it is apparent the statute of limitations has run. <u>Myers v. Vogal</u>, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam). We agree Hill knew all the facts supporting his claim upon service of replevin papers in 1991 and Iowa's applicable two-year statute of limitations barred his 1996 suit. <u>See</u> <u>Wycoff v. Menke</u>, 773 F.2d 983, 984 (8th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1028 (1986).

Accordingly, we affirm the order of the district court. <u>See</u> 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.