# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3941

_____

James Lee Denoyer,                           *
                                             *
      Appellant,                         *
                                             *   Appeal from the United States
   v.                                        *   District Court for the
                                             *   District of South Dakota
Hon. Eugene E. Dobberpuhl; Brown             *
County Prosecutor's Office; Brown            *        [UNPUBLISHED]
County, South Dakota; Day County;            *
State of South Dakota,                       *
                                             *
      Appellees.                         *

_____

Submitted:   January 6, 2000

Filed:   February 18, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

James Lee DeNoyer appeals from the final judgment entered in the District Court[1] for the District of South Dakota, dismissing his 42 U.S.C. § 1983 action prior

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

to service. DeNoyer filed this action against numerous state officials and entities, claiming defendants discriminated against and harassed him because of his race during his arrests in 1989 and subsequent convictions for various offenses.

We conclude the district court properly dismissed DeNoyer's action. His claim against a judge for issuing an arrest warrant was barred by judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). We agree with the district court that DeNoyer's remaining claims were related to his 1989 arrests and convictions and that they were time-barred. See Wilson v. Garcia, 471 U.S. 261, 275, 279-80 (1985) (courts should apply most appropriate state statute of limitations to § 1983 claims, and limitations period for § 1983 actions is same as state's statute of limitations for personal injury actions); S.D. Codified Laws § 15-2-14 (Michie 1984) (action for personal injury can be commenced only within three years after cause of action shall have accrued); S.D. Codified Laws § 15-2-15.2 (Michie 1999) (action brought under federal civil rights statutes may be commenced only within three years after alleged constitutional deprivation occurred). Thus, we conclude the district court did not err in dismissing these claims as frivolous based on the expiration of the statute of limitations. See Myers v. Vogal, 960 F.2d 750, 750-51 (8th Cir. 1992) (per curiam) (district court may dismiss IFP complaint when it is apparent statute of limitations has run).

Accordingly, we affirm. See 8th Cir. R. 47A(a).

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.