# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3056

_____

Fairy Hayward,     *
    *
       Appellant,     *
    *    Appeal from the United States
    v.     *    District Court for the
    *    Western District of Missouri.
Health Department and Department of    *
Law, City of Independence, Missouri;    *    [UNPUBLISHED]
Andrew Warlen; Rose McKinley;     *
William Moore; Dayla Schwartz;     *
RoadOne of Kansas City; S&S Lawn,     *
Inc.; Mitch Langford; William     *
Piedmont; Gary Helm,     *
    *
       Appellees.     *

_____

Submitted: April 1, 2004

Filed: April 8, 2004
_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

After an administrative search warrant was executed on property belonging to
Fairy Hayward, she brought this action asserting claims under 42 U.S.C. §§ 1983,
1985, and 1986 against various officials and departments of the City of Independence,

Missouri (City defendants) and two private parties, RoadOne of Kansas City (RoadOne) and S&S Lawn, Inc. (S&S). The district court[1] granted defendants' motions to dismiss and denied Hayward's motion for reconsideration. Hayward appeals and we affirm.

Initially, we reject the arguments of RoadOne and S&S that this appeal is untimely. We construe Hayward's motion to reconsider, filed on June 16, 2003, as a Federal Rule of Civil Procedure 59(e) motion. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (motion calling into question correctness of judgment is functionally Rule 59(e) motion regardless of how styled). Hayward had until June 17, 2003, to file such a motion. See Fed. R. Civ. P. 59(e) (motion to alter or amend judgment must be made within 10 days after entry of judgment); Fed. R. Civ. P. 6(a) (when prescribed time period is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded in computing time period). Thus, Hayward's postjudgment motion tolled the time for her to appeal, and her notice of appeal--filed within thirty days after entry of the order denying the motion--was timely. See Fed. R. App. P. 4(a)(1), (a)(4)(A)(iv) (30-day time limit; timely Rule 59(e) motion tolls time to file appeal until entry of order disposing of motion).

As to the merits, Hayward did not name the City defendants in their individual capacities or seek leave to amend when the City defendants pointed out this deficiency in their motion to dismiss. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (without clear statement that officials are being sued under § 1983 in personal capacities, complaint is interpreted as including only official-capacity claims). Hayward's official-capacity claims against the City defendants thus amounted to claims against only the City, but Hayward did not assert that the City had

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

a policy or custom of improperly seeking, issuing, and executing administrative search warrants.  See Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 905 (8th Cir. 1999) (§ 1983 suit against board members in official capacities must be treated as suit against municipality, which requires showing constitutional violations pursuant to official policy, or misconduct that is so pervasive among non-policymaking employees as to constitute custom or usage with force of law), cert. denied, 528 U.S. 1157 (2000).  As to the section 1983 claims against RoadOne and S&S, Hayward's complaint allegations were insufficient to support such claims against these private parties.  Cf. Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam) (discussing § 1983 claim against private actor).  Finally, in her complaint and response to motions to dismiss, Hayward did not assert the requisite elements for claims under sections 1985 and 1986.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993) (§ 1985(3) reaches conspiracies motivated by "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus'" (quoted source omitted)); Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) (cause of action under § 1986 is dependent on valid claim under § 1985).

Accordingly, we affirm.  We also deny as moot appellee RoadOne's motion to strike Hayward's reply brief.

_____