# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2285

_____

| | | |
|---|---|---|
| Clarence H. Nash, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Harley G. Lappin, Sued as Harley B. | * | |
| Lappin; Harold Watts; G. L. | * | [UNPUBLISHED] |
| Hershberger, Sued as Gerald | * | |
| Hershberger; W. I. LeBlanc, Sued as | * | |
| Whitney I. LeBlance, Jr.; David | * | |
| Good; David Edwardy, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 30, 2006
Filed: March 30, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Clarence Nash, an inmate at the Federal Medical Center (FMC), appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

While the exhaustion requirement is an affirmative defense that a defendant must plead and prove, see Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam), it is clear from the dates of the alleged incidents that Nash could not have administratively exhausted all of his claims when he filed the instant lawsuit, cf. Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (while statute of limitations is affirmative defense, district court may properly dismiss in forma pauperis complaint before service when it is apparent from face of complaint that statute of limitations has run).  Accordingly, we affirm but modify the dismissal to be without prejudice.  See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (8th Cir. 1998) (modifying dismissal for failure to exhaust administrative remedies to be dismissal without prejudice).

_____