# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3552

_____

Gabriel Wade Mills,                              *
                                                 *
                Appellant,                        *
                                                 *   Appeal from the United States
        v.                                        *   District Court for the Eastern
                                                 *   District of Arkansas.
John Anderson, Evaluations,                       *
Arkansas State Hospital;                          *   [UNPUBLISHED]
Albert Kittrell, Doctor, Arkansas                 *
State Hospital; Konis, Dr., Medical               *
Doctor, Arkansas State Hospital;                  *
Arkansas Partnership Program,                     *
Medical Doctor,                                   *
                                                 *
                Appellees.                        *

_____

Submitted:  March 26, 2008
Filed:  March 31, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Gabriel Mills appeals the district court's[1] grant of summary judgment for defendants in this 42 U.S.C. § 1983 action, in which Mills sought to challenge his commitment to the Arkansas State Hospital (ASH) under the Arkansas Act 911 Program and alleged that he received inadequate treatment for a medical condition while he was a patient at ASH and later at another Act 911 Program facility. We conclude that the district court did not err in granting summary judgment to defendants. See Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (de novo review). First, Mills's challenge to his commitment is not properly brought in this section 1983 action, cf. Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (state prisoner's challenge to fact or duration of confinement must be brought through habeas corpus after exhaustion of state remedies); and second, the medical records show that Mills received reasonable testing and medication for his medical complaints, see Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent where they treated prisoner on numerous occasions and offered sensible medication and treatment); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994) (plaintiff's self-diagnosis alone will not suffice to establish serious medical condition); Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (failure to establish "the detrimental effect of delay in treatment precludes a claim of deliberate indifference").

The judgment is affirmed.

_____

_____

[1]The Honorable George Howard, Jr., late a United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.