FILED
United States Court of Appeals
Tenth Circuit

November 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES A. TAYLOR,

      Plaintiff-Appellant,

v.

JOE ORTIZ, CDOC Current Executive
Director; MR. SUTHERS, Former
Executive Director; JOHN DOE,
CDOC Former Executive Director;
AL ESTEP, LCF Current Warden;
GARY WATKINS, LCF Former
Warden; MR. SOARES, LCF Former
Warden; JOSEPH MCGARRY,
CDOC Chief Medical Officer;
BARRY PARDUS, Director of
Medical Services; DON LAWSON,
CDOC Chief Pharmacy Officer;
JOHN H. BLOOR, M.D. LCF
Primary Care Provider; JOHN DOE,
LCF Medical Clinic Team Leader;
CHRIS PETROZZI, LCF Former
Medical Clinic Team Leader; ANITA
BLOOR, M.D. Primary Care Provider;
JOHN DOE, Colorado Access Chief
Medical Officer; JOHN DOE, Access
Correctional Care Chief Medical
Officer; RODERIC GOTTULA,
Consultant Specialist; TONY
DECESARO, CDOC Step III
Grievance Officer,

      Defendants-Appellees.

No. 10-1079
(D.C. No. 1:05-CV-00574-PAB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

James A. Taylor, an inmate in the custody of the Colorado Department of Corrections (CDOC) proceeding pro se, appeals the district court's judgment in favor of defendants in his 42 U.S.C. § 1983 suit challenging prison officials' refusal to provide a combination interferon/ribavarin antiviral treatment for his Hepatitis C due to his age when he was diagnosed. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

**I.**

Mr. Taylor was diagnosed with Hepatitis C in 1997, when he was 66 years old. Under CDOC's Hepatitis C standard (the Protocol), patients outside the age guidelines (as relevant to this case, younger than age 65, with a life expectancy of at least twenty years) are ineligible for the combination treatment. That is because for the majority of patients, Hepatitis C causes only mild liver damage.

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The primary danger of Hepatitis C is the increased risk of developing liver cirrhosis or liver cancer, which generally takes decades to occur. Because of Mr. Taylor's age at diagnosis, prison officials have refused his requests for the combination treatment.

In 2003 or 2004, Mr. Taylor received information that caused him to believe he was in a high-risk category for advanced liver disease, and that therefore he should be afforded the combination treatment notwithstanding his age. He filed suit under § 1983. His first claim alleged a violation of his Eighth Amendment right to receive adequate medical care. His second claim alleged he was treated differently from other prisoners because of his age, in violation of his Fourteenth Amendment right to equal treatment. And his third claim alleged a violation of his Fourteenth Amendment right to due process, because defendants had not followed the Protocol.

The district court granted defendant Gottula's motion for summary judgment, concluding that Mr. Taylor had not shown his personal involvement or deliberate indifference. It later dismissed the claims against defendant DeCesaro because Mr. Taylor failed to show he had any role in the denial of the combination treatment. The court also dismissed the Eighth Amendment allegations because Mr. Taylor could not establish that the denial of the combination treatment amounted to deliberate indifference, and thus, stated a

constitutional violation; rather, the claim essentially expressed a disagreement with the medical professionals about the most appropriate type of treatment.

The Fourteenth Amendment claims proceeded to summary judgment. Regarding the equal-protection allegations, the district court concluded that there was a rational basis for the classification by age because the medical evidence indicates that, for older patients, there is unlikely to be enough time for Hepatitis C to cause advanced liver problems. Regarding the due-process allegations, the court assumed Mr. Taylor had a liberty interest in diagnosis and treatment that required officials to follow the Protocol. The court concluded, however, that defendants had followed the Protocol, not violated it. Although Mr. Taylor argued that he had cirrhosis of the liver and thus the Protocol mandated the combination treatment, notwithstanding his age, the court concluded that he had shown no genuine dispute of material fact that he has cirrhosis. Some of his medical records mentioned cirrhosis, but his treating physician, who had authored the records, submitted a declaration indicating that she did not believe that he had cirrhosis. The court concluded that Mr. Taylor's self-diagnosis was not competent evidence to create a genuine issue of material fact in the face of the doctor's contrary declaration.

Mr. Taylor now appeals the district court's grant of summary judgment to defendants.

**II.**

We review de novo both the dismissal of the Eighth Amendment claim and

the grant of summary judgment on the Fourteenth Amendment claims. *See*

*Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (dismissal);

*Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (summary judgment).

**A. Claims Against Gottula and DeCesaro**

Mr. Taylor's opening brief does not address the district court's dismissal of

his claims against defendants Gottula and DeCesaro. Thus, we need not consider

those decisions. *See Tafoya v. Salazar*, 516 F.3d 912, 922-23 (10th Cir. 2008)

(stating that failure to raise an issue in prisoner's opening brief results in waiver).

**B. Eighth Amendment**

The Eighth Amendment requires prison officials to care for prisoners'

serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

> An Eighth Amendment claim has both an objective
> component–whether the deprivation is sufficiently serious–and a
> subjective component–whether the official acted with a sufficiently
> culpable state of mind. In cases challenging the conditions of a
> prisoner's confinement, the subjective standard is one of deliberate
> indifference to inmate health or safety.

*Perkins*, 165 F.3d at 809 (citation omitted). "Prison officials violate the Eighth

Amendment when they are deliberately indifferent to the serious medical needs of

prisoners in their custody." *Id.* at 811. But "a prisoner who merely disagrees

with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Id.*

Mr. Taylor admits in his complaint that defendants have provided him medical attention, including taking twice-yearly blood samples to monitor his liver condition. He believes, however, that he should be afforded the combination antiviral treatment. Defendants, including his treating physician, disagree. As the district court concluded, Mr. Taylor's allegations "boil[] down to a contention that he had a right to a particular course of treatment[.] . . . Both this court and our sister circuits have rejected such an expansive view of the rights protected by the Eighth Amendment." *Callahan*, 471 F.3d at 1160; *see also Perkins*, 165 F.3d at 811 (holding that HIV-positive prisoner who believed he should receive a protease inhibitor in addition to certain drugs failed to state an Eighth Amendment claim). The district court correctly concluded the Eighth Amendment allegations failed to establish the violation of a constitutional right.

## C.  Equal Protection

"The Fourteenth Amendment guarantee of equal protection is essentially a direction that all persons similarly situated should be treated alike." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010) (quotation omitted). Mr. Taylor's equal protection claim rests on an age classification, alleging that younger prisoners with Hepatitis C receive the antiviral treatment, while older prisoners do not. Because "age is not

a suspect classification under the Equal Protection Clause . . . [s]tates may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000).

The district court concluded that defendants' evidence established a rational basis for the classification. We agree. The protocol states that "[t]he goal of the CDOC Hepatitis C Clinical Standard and Procedure for Health Care Providers is to provide a management program to all patients with chronic hepatitis C and to treat with antiviral medication patients at greatest risk of disease progression." Aplt. App., Vol. 3 at 223.

> The task confronting the CDOC is a daunting one: identify and treat those patients who would develop [liver cancer] and [end-stage liver disease] and who will respond to antiviral therapy with a sustained viral response, while avoiding the expenditure of vital resources on those patients with [Hepatitis C] who will not progress to [liver cancer] or [end-stage liver disease] or who will have adverse reactions to the medications or who will not have a sustained viral response to drugs.

*Id.* at 224. As the district court explained, "it was rational for the state to determine that persons diagnosed after age 65 are unlikely to suffer the life-threatening aspects of the disease and thus need not be given the interferon/ribavirin treatment." *Id.* at 660.

On appeal, Mr. Taylor argues that the state's reliance on age is irrational because it relies on the *diagnosis* date and does not take account of the length of

time that may have elapsed since a prisoner was *infected*. But he does not identify where he raised this argument in the district court, *see* 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."), and we do not see where this rationality argument was raised. Accordingly, we will not consider these contentions. *See Braxton v. Zavaras*, 614 F.3d 1156, 1163 (10th Cir. 2010) (refusing to consider an issue that prisoners failed to raise in district court).

**D. Due Process**

Finally, Mr. Taylor's due process claim alleges that defendants have failed to follow the Protocol, depriving him of a liberty interest in receiving medical treatment. Specifically, he states that the Protocol provides that persons who have two or more liver diseases will be provided the combination treatment, and he argues that he has been diagnosed with cirrhosis as well as Hepatitis C. Thus, he concludes the Protocol mandates that he be given the combination treatment. Like the district court, we will assume without deciding that Mr. Taylor has shown the existence of a liberty interest, and focus instead on whether defendants have violated the Protocol, as Mr. Taylor contends. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1224 (10th Cir. 2004) (stating that if a liberty interest is implicated, the court must determine whether a prisoner was afforded appropriate procedural protections).

The Protocol provides that "if a patient has both chronic Hepatitis B and C or other chronic liver disease, they will be treated." Aplt. App., Vol. 3 at 236. But undermining Mr. Taylor's argument, his treating physician submitted a declaration stating that his "medical records do not indicate that he is suffering from any liver disease other than hepatitis C." *Id.* at 262. In her opinion, "[i]t is unlikely that plaintiff has liver cirrhosis since his platelet count, INR, albumin, and bilirubin are all normal. The only liver test that suggests cirrhosis is a mildly elevated alphafetoprotein. However, plaintiff exhibits no symptoms of cirrhosis." *Id.* at 263. To the extent that Mr. Taylor's medical records mention the possibility of cirrhosis, they are ambiguous and fall short of diagnosing the condition. Further, the treating physician was the records' author and thus was the most appropriate person to interpret them. Thus, the records are not sufficient to create a genuine issue of material fact whether Mr. Taylor has cirrhosis; nor is his self-diagnosis, *see Aswegan v. Henry*, 49 F.3d 461, 464-65 (8th Cir. 1995); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

Mr. Taylor also complains that his treating physician failed to follow the Protocol because she never completed the questionnaire that is to be filled out when a prisoner requests treatment. He has not been harmed by any failure to fill out the questionnaire, however, because the purpose of the questionnaire is to allow medical officials to determine whether the prisoner is eligible for treatment. *See* Aplt. App., Vol. 3 at 227. A prisoner who is outside the age guidelines is not

eligible for the combination treatment. *See id.* at 229-30. The record shows that Mr. Taylor's treating physician checked with the liver specialist and confirmed that he was outside the age guidelines for the treatment. He was afforded sufficient process, even without the completion of the questionnaire.

Finally, Mr. Taylor complains that defendants did not consider various factors that the Protocol lists as causing a Hepatitis C patient to be at higher risk for liver cancer and cirrhosis. He states that he meets virtually all of these factors, indicating that had defendants properly considered the factors, they would have concluded that he required the combination treatment. The Protocol, however, establishes no particular process for considering these factors that might rise to the level of a constitutional entitlement.

## III.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

-10-