# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3310

_____

Byron L. East

*Plaintiff - Appellant*

v.

Michele Buckner, Warden, SCCC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 20, 2023
Filed: March 18, 2024
[Unpublished]

_____

Before SMITH, Chief Judge,[1] MELLOY and ERICKSON, Circuit Judges.

_____

PER CURIAM.

---

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024.  See 28 U.S.C. § 45(a)(3)(A).

Byron L. East appeals the district court's[2] order dismissing his claims under 42 U.S.C. § 1983. East alleged Michele Buckner, who at the time served as the Assistant Warden and the Americans with Disabilities Act ("ADA") Site Coordinator for the South Central Correctional Center ("SCCC"), was deliberately indifferent to his medical needs when she denied him access to properly fitting footwear prescribed by a physician. We affirm.

In 2005, a Missouri Department of Corrections ("MDOC") physician concluded that East should wear extra narrow shoes. More than a decade later, in 2016, the clothing staff at SCCC measured East and confirmed he has flat, narrow feet. In March 2016, Buckner approved East's request to purchase ADA-approved shoes from an outside vendor. Specifically, Buckner allowed East to order "one pair of white ADA tennis shoes twice a year." Her approval notice directed East to submit an order request and a "green check" (a request for withdrawal of funds from an inmate account) to his case manager, who would forward the materials to Buckner for final approval.

East attempted to purchase a pair of Rockport Prowalker shoes, but he received a returned check and a response from the vender that read: "Due to specific regulations we are not able to ship to correctional facilities." When East attempted to obtain the shoes by asking a family member to purchase the shoes on his behalf and ship them to the SCCC, an unidentified SCCC employee informed East that he had to follow the green check process. East's case manager subsequently confirmed with Rockport that the company does not ship merchandise to correctional facilities.

In August 2018, East met with his case manager and discussed ordering Nike shoes from Eastbay, an approved vendor. East received initial approval for the purchase; however, in October 2018, East received a notice informing him that Buckner had not approved the purchase. In response to his grievance, East was told

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

he had been approved to purchase only Rockport Prowalker shoes and he had failed to obtain prior permission from Buckner to purchase Nike sneakers from Eastbay.

In May 2021, East attempted to order Nike Court Borough shoes. His request was denied because the shoes did not comply with the "ADA approved criteria previously designated." East asserts he was unable to acquire proper footwear within the facility and possessed only shower shoes, which limited his ability to engage in activities, such as basketball, softball, and handball; to use the law library; and to access the dining hall. According to East, while the SCCC recreation center provides tennis shoes and the canteen offers tennis shoes for purchase, neither stock shoes in the narrow size that he requires.

On May 25, 2022, East filed a *pro se* complaint against Buckner in her individual and official capacities, alleging constitutional claims under the Eighth and Fourteenth Amendments, along with a Rehabilitation Act claim. The district court construed the complaint as also raising a claim under the ADA. The complaint seeks declaratory and injunctive relief in addition to monetary damages. Buckner filed a motion to dismiss, which the district court granted after determining: (1) sovereign immunity barred all § 1983 claims against Buckner in her official capacity; (2) qualified immunity protected Buckner from individual liability on the constitutional claims; and (3) dismissal of the ADA and Rehabilitation Act claims was appropriate because East failed to show he faced discrimination due to a disability. East now appeals the dismissal of his Eighth Amendment deliberate indifference claim.[3]

---

[3]East also alleged equal protection, substantive due process, and procedural due process violations under the Fourteenth Amendment. "Claims not raised in an opening brief are deemed waived." <u>Jenkins v. Winter</u>, 540 F.3d 742, 751 (8th Cir. 2008). Further, a party waives an issue "by failing to provide a meaningful explanation of the argument and citation to relevant authority in their opening brief." <u>Cox v. Mortg. Elec. Registration Sys., Inc.</u>, 685 F.3d 663, 674 (8th Cir. 2012). Because East's brief contains only vague and conclusory references to his Fourteenth Amendment claims, we find these claims have been waived.

We review *de novo* a district court's decision granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting as true all factual allegations and viewing them in the light most favorable to the nonmoving party. Thompson v. Harrie, 59 F.4th 923, 926 (8th Cir. 2023). Likewise, we review *de novo* the grant of a motion to dismiss on qualified immunity grounds. Scott v. Baldwin, 720 F.3d 1034, 1036 (8th Cir. 2013).

To state a viable claim under § 1983, a plaintiff must show: (1) the defendant acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. McKay v. City of St. Louis, 960 F.3d 1094, 1099 (8th Cir. 2020). Buckner contends East cannot satisfy the second prong because he has neither demonstrated an existing, serious medical need, nor alleged a medical condition affected his feet during his incarceration at SCCC.

"[A] prison official violates the Eighth Amendment by being deliberately indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of serious *future* harm." Shipp v. Murphy, 9 F.4th 694, 703 (8th Cir. 2021) (quotation omitted). The deliberate indifference standard includes both objective and subjective components, and the plaintiff must satisfy both. Nelson v. Corr. Med. Servs., 583 F.3d 522, 529 (8th Cir. 2009). To meet this standard, a plaintiff must show that he suffers from an objectively serious medical need, and that the defendant knew of and deliberately disregarded the serious medical need or a substantial risk to the plaintiff's health or safety. Id.

An objectively serious medical condition is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (quotation omitted). East attached to his complaint a MDOC inter-office communication by Dr. John Matthews dated August 8, 2005, which stated, "This inmate has very narrow feet and will need extra narrow shoes." This statement does not indicate that East suffered from a serious medical condition.

See Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994) (plaintiff's "bare assertion" of a serious medical condition was insufficient to establish deliberate indifference).

In addition, while East alleged that his condition was painful, he did not allege that Buckner knew his condition was painful or that failing to provide him with narrow shoes posed a substantial risk to his health or safety. Buckner approved East's request to purchase ADA-approved shoes from an outside vendor and East was given directions on how to submit his order. East's failure to follow SCCC's policy for purchasing narrow shoes undermines his claim that Buckner acted with deliberate indifference to his need for adequate footwear or to any serious medical need. On this record, East has failed to state an Eighth Amendment claim for deliberate indifference.[4]

Even assuming the existence of a constitutional violation, the doctrine of qualified immunity protects Buckner from liability if her conduct did not violate a clearly established statutory or constitutional right of which a reasonable person would have known. Pearson v. Callahan, 555 U.S. 223, 231 (2009). East has not identified a case that has determined an inmate with narrow feet, and no other medical condition, has a clearly established right to specialized footwear of the inmate's choosing. Without any existing precedent to support his claim, East cannot show Buckner violated a clearly established constitutional right.

The judgment of the district court is affirmed.

_____

[4]East's case is distinguishable from Shipp, which involved a defendant whose prescription orthotic shoes were confiscated by jail officials. Shipp suffered from several documented and serious medical conditions, such as an amputated left toe, a Charcot joint in his right foot, and diabetes. Within a month of wearing standard size shoes, Shipp developed sores on his feet that required removal by a doctor and antibiotic treatment. 9 F.4th at 699-700. Here, unlike in Shipp, East does not allege an injury or condition caused by his narrow feet during the six years he was at SCCC.