# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1270

_____

Rubin R. Weeks

*Plaintiff - Appellant*

v.

Kimberly Birch, M.D., individually and in her official capacity as an employee of
Corizon; Rebekah Graham, N.P., C.O.III, individually and in her official capacity
as an employee of Corizon; Nina Hill, N.P., individually and in her official
capacity as an employee of Corizon; Larry Graham, R.N, I, individually and in his
official capacity as an employee of Corizon; Anne L. Precythe; Alan Earls,
individually and in his official capacity Deputy Director, Division of Adult
Institutions; Jay Cassady, individually and in his official capacity as Warden of the
Jefferson City Correctional Center

*Defendants - Appellees*

Jason Lewis, individually and in his official capacity

*Defendant*

Walter Friesen, C.O. III, individually and in his official capacity as an employee of
MDOC; Corizon Health, Inc.; Thomas Kevin Bredeman, D.O., individually and in
his official capacity as Associate Regional Medical Director, Corizon; Lameta
McNeil, R.N., individually and in her official capacity as an employee of Corizon;
Becky Lizenbee, L.P.N., individually and in her official capacity as an employee of
Corizon; Kathy Barton, R.N., individually and in her official capacity as Director
of Nursing, Corizon; Molly Leija, H.S.A., individually and in her official capacity
as an employee of Corizon; Stacey Hawkes, individually and in his official
capacity as Utilization Management Specialist, Corizon; Jody Barck, C.O. I,
individually and in her official capacity as an employee of MDOC; Daniel Moses,
C.O. I, individually and in his official capacity as an employee of MDOC; Greg

Kottwitz, C.O.I, individually and in his official capacity as an employee of MDOC; Curtis R. Whittle, C.O. I, individually and in his official capacity as an employee of MDOC; Rick Patten, C.O.I, individually and in his official capacity as an employee of MDOC; Karissa Rollins, Nurse, individually and in her official capacity as an employee of Corizon; Coralee Prettyman, Nurse, individually and in her official capacity as an employee of Corizon; Trisha Brewer, Nurse

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 13, 2022
Filed: July 28, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Rubin R. Weeks has been in the custody of the Missouri Department of Corrections ("MDOC") since 1992. Prior to his incarceration, Weeks sustained injuries to his spine and right leg in an offshore drilling explosion. He sustained another traumatic injury to his spine and lower extremities when he fell from a semitruck. Weeks appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action alleging the denial of adequate medical care in prison and the use of excessive force in transporting him from the hospital after back surgery. We affirm.

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

We review the grant of summary judgment *de novo*, viewing the evidence and drawing all reasonable inferences in a light favorable to Weeks. Morris v. Cradduck, 954 F.3d 1055, 1058 (8th Cir. 2020). In December 2008, Weeks was transferred to the Southeast Correctional Center ("SECC") in Charleston, Missouri. Weeks alleges that he was denied adequate medical treatment from 2013 to 2017 when the prison's contracted medical providers failed to (1) provide MRIs and spinal surgery, and (2) failed to provide proper post-operative care and accommodations, causing his spinal condition to deteriorate. Weeks also alleges that the MDOC and several of its employees used excessive force in transporting him from the hospital to the Jefferson City Correctional Center ("JCCC") following surgery where Weeks spent the night after his surgery before returning to SECC the next day. Weeks claims the MDOC employees forcefully placed him in a cage van, causing him to fall into it face-down and lay during the 20- to 30-minute drive to the JCCC. He also claims he was subject to excessive force when he was assisted out of the van upon his arrival at the JCCC.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials requiring them to "provide humane conditions of confinement," which includes ensuring "inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate alleging the denial of medical treatment may demonstrate an Eighth Amendment violation by showing prison officials acted with a deliberate indifference to an existing serious medical need or to a condition of confinement posing a substantial risk of future harm. Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (citation omitted). To survive summary judgment, Weeks must show (1) an objectively serious medical need, and (2) corrections officials "acted with a 'sufficiently culpable state of mind,' namely, that they actually knew of, but deliberately disregarded" the medical need. Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018) (quoting Krout v. Goemmer, 583 F.3d 557, 567 (8th Cir. 2009)). Prison officials who respond reasonably cannot be held liable for cruel and unusual punishment, even if the harm ultimately was not averted. Id. (quoting Farmer, 511 U.S. at 844-45).

To survive summary judgment against a prison's medical contractor, Weeks must show there was a policy, custom, or official action that inflicted an actionable injury. See Saylor v. Nebraska, 812 F.3d 637, 645 (8th Cir. 2016) ("[T]o be liable under § 1983 the medical defendants had to personally violate [an inmate's] rights or be responsible for a systemic condition that violates the Constitution."). "A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (cleaned up).

The district court conducted a complete and thorough review of the arguments and evidence in the record. The record shows that Weeks's medical needs were addressed far beyond the minimum standard required. He received ongoing care and treatment, both before and after his back surgery in 2017. For instance, Weeks received MRIs in 2005, 2008, 2012, and 2016, the last one required three attempts during two separate visits. Weeks's medical care included referrals for diagnostic procedures and outside specialists. He also received significant attention from administrative personnel, including investigations into his grievances and responses to his complaints and concerns. The fact that Weeks did not receive all the services or surgeries that he requested does not demonstrate an unconstitutional pattern or conduct amounting to deliberate indifference. Weeks provided no specific evidence, an expert opinion or otherwise, indicating that the treatment decisions made by the medical providers were unreasonable or that any delay in treatment adversely affected his chronic and degenerative condition.

In addition, video footage from the hospital parking lot belies, in part, Weeks's excessive force claim. While the video depicts Weeks having difficulties getting into the van because of his physical condition, the video does not depict any use of force, let alone excessive force, by any officer. While it might have been preferable to utilize a handicap-accessible van for the post-surgery transport, as noted by the district court, Weeks's excessive force claim is premised on self-serving assertions or allegations that are refuted by video evidence. On this record, no

reasonable jury could find or infer from the evidence that MDOC officials acted with excessive force or deliberate indifference, or that he sustained injury during transport following his surgery.

Because Weeks cannot show the medical providers or prison officials acted with deliberate indifference to his serious medical needs, the defendants are entitled to summary judgment. Weeks also failed to present sufficient evidence to raise a triable issue on his excessive force claim. The judgment of the district court is affirmed.

_____